# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### Richmond Division

|  |  |
|---|---|
| Robert G. Marcellus, | |
| David Williams, | |
| Barry Hodge, | |
| Timothy Gresham and | |
| Powhatan County Republican Committee, | |
| Plaintiffs, | |
| v. | Case No. 3:15-cv-00481 |
| Virginia State Board of Elections, James B. Alcorn, in his official capacity as a Member and Chairman of the Virginia State Board of Elections, | |
| Clara Belle Wheeler, in her official capacity as a member and Vice Chair of the Virginia State Board of Elections and | |
| Singleton B. McAllister, in her official capacity as a member and Secretary of the Virginia State Board of Elections, | |
| Defendants. | |

## MOTION FOR PRELMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 7(b) and 659a0, Plaintiffs Robert G. Marcellus, David Williams, Barry Hodge and Tim Gresham, by their counsel, move the Court for an Order granting them a preliminary injunction against the Defendants, the Virginia State Board of

Elections, James B. Alcorn, Clara Belle Wheeler and Singleton McAllister, and their agents, employees and attorneys, prohibiting them from implementing and enforcing Va. Code § 24.2-513 by its terms and mandating that they include on the official ballot for the November 3, 2015, general election an appropriate identification of the political party that nominated the Plaintiffs and, therefore, qualified the Plaintiffs to be placed on the general election ballot In support of this Motion, Plaintiffs state the following:

1.      Unless the Defendants are enjoined, as requested by the Plaintiffs, The Plaintiffs will suffer irreparable injury because the effect of Va. Code § 24.2-613 will deny them their right of association guaranteed by the First and Fourteenth Amendments and their right to equal protection of the laws guaranteed by the Fourteenth Amendment.

2.      The injury that the Plaintiffs will suffer outweighs any injury that the Defendants could suffer if the injunction requested by the Plaintiffs is issued by the Court.

3.      The public interest will be served by the issuance of the requested injunction by eliminating likely confusion among voters as to the political party affiliation of candidates on the ballot for election to local public offices.

4.      Previous decisions of the United States Supreme Court and other courts make the issues raised by the Plaintiffs in their Complaint so serious, substantial, difficult and doubtful that, given the balance of hardships likely to be experienced by the parties if the injunction is issued, there ae fair grounds for litigation of those issues and, therefore, for more deliberate investigation by the Court.

5.      The Plaintiffs have no adequate remedy at law.

6.    In support of their Motion, the Plaintiffs rely upon the verified Complaint in this action and upon the Declaration of Robert G. Marcellus, which is attached to this Motion as Exhibit A.

7.    I further support of their Motion, the Plaintiffs have submitted a Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction.

WHEREFORE, THE Plaintiffs request that the Court:

a)    Schedule a date and time for a hearing on the Plaintiffs' Motion for Preliminary Injunction;

b)    Grant the Plaintiffs' Motion for Preliminary Injunction; and

c)    Award the Plaintiffs such other relief as is just and proper.

> **ROBERT G. MARCELLUS**
> **DAVID WILLIAMS**
> **BARRY HODGE**
> **TIM GRESHAM**
> **POWHATAN COUNTY REPUBLICAN COMMITTEE**
>
> By _____
>
> Patrick M. McSweeney (VSB No. 5669)
> McSWEENEY, CYNKAR & KACHOUROFF, PLLC
> Powhatan Ofice
> 3358 John Tree Hill Road
> Powhatan, Virginia 23139
> Tel. (804) 937-0895
> Fax  (703)
> patrick@mck-lawyers.com
>
> *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 17, 2015, I electronically filed the foregoing with the Clerk of the

District Court using the CM/ECF system and have mailed the foregoing document to:

James B. Alcorn
UNOS
700 North 4th Street
Richmond, VA 23219

Clara Belle Wheeler
Blue Ridge Hand & Orthopaedic Clinic
1754 Stony Point Road
Charlottesville, VA 22911

Singleton McAllister
Husch Blackwell
750 17th Street, N.W., Suite 900
Washington, D.C. 20006

Edgar Cortes, Commissioner
Virginia State Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

In addition, I certify that a copy of the foregoing was emailed on August 17, 2015, to Kristina P.

Stoney, Senior Assistant Attorney General of Virginia, at kstoney@oag.state.va.us..

/s/

_____
Patrick M. McSweeney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

Robert G. Marcellus,

David Williams,

Barry Hodge,

Timothy Gresham and

Powhatan County Republican Committee,

        Plaintiffs,

v.

Virginia State Board of Elections,

James B. Alcorn, in his official capacity as a
Member and Chairman of the Virginia State
Board of Elections,

Clara Belle Wheeler, in her official capacity as
a member and Vice Chair of the Virginia State
Board of Elections and

Singleton B. McAllister, in her official capacity
as a member and Secretary of the Virginia
State Board of Elections,

        Defendants.

Case No. 3:15-cv-00481

## MEMORANDUM IN SUPPORT OF PLAINTIFFS'
## MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs submit the following in support of their Motion for Preliminary Injunction:

1

## INTRODUCTION

Plaintiffs seek to enjoin the implementation and enforcement of a provision of Va. Code § 24.2-613 and to compel the Defendants to include on the November 3, 2015, general election ballot the identity of the political party that nominated the individual Plaintiffs next to their names. Va. Code § 24.2-613 provides in relevant part:

> For elections for federal, statewide, and General Assembly offices only,
> Each candidate who has been nominated by a political party or in a primary
> Election shall be identified by the name of his political party.

In order for the Court to grant the requested preliminary relief, it must determine whether that request satisfies the familiar four-element test. *See Winter v. Nat. Resources Defense Coun., Inc.,* 555 U.S. 7, 17 (2008). Plaintiffs must demonstrate that

1) they are likely to succeed on the merits;
2) they are likely to suffer irreparable injury if the relief is not granted;
3) the balance of equities tips in their favor; and
4) any injunction would be in the public interest.

*Id.* Those four factors are discussed below in detail.

## FACTUAL BACKGROUND

The individual Plaintiffs are nominees of the Republican Party for the public office of member of the Powhatan County Board of Supervisors to be determined at the November 3, 2015, general election. Plaintiff Powhatan County Republican Committee is the unit of the Republican Party that has been assigned responsibility pursuant to the Plan of Organization of the Republican Party of Virginia for determining the method by which its candidates for local office in Powhatan County are to be selected and for certifying the nominations to the Defendants and the Powhatan County General Registrar.

On May 21, 2015, the individual Plaintiffs were nominated by the Republican Party by the method selected by Plaintiff Powhatan County Republican Committee as candidates for the

2

Powhatan County Board of Supervisors, as authorized by state law. Va. Code §§ 24.2-508 and

24.2-509(A). Each of the individual Plaintiffs complied with the requirements of Virginia

election laws to qualify as party-nominated candidates for public office. Va. Code §§ 24.2-501,

24.2-502 and 24.2-503. The Chairman of Plaintiff Powhatan County Republican Committee

certified the nominations of the individual Plaintiffs to the Defendants and the Powhatan County

General Registrar, as required by Virginia law. Va. Code § 24.2-511. The individual Plaintiffs

are entitled to have their names printed on the official general election ballot for the November 3,

2015, election. Va. Code § 24.2-504; Declaration of Robert Marcellus attached hereto as

Exhibit A.

    The General Registrar of Powhatan County, Karen Alexander, notified Plaintiff David

Williams and the Chairman of the Powhatan County Republican Committee by email on August

3, 2015, that the official ballot for this year's general election will not include a political party

identification next to the name of the individual Plaintiffs even though they have been nominated

by that party. She attached to her email an email to her from a State Board of Elections policy

analyst, Brooks C Braun, Esq., who wrote in part: "I poked around the code a bit, but couldn't

find anything specific to why local offices don't have party designation other than the 'only' in §

24.2-613." Exhibit 1 to Complaint.

    In one particular election this year, there is considerable voter confusion about which of

two candidates is in fact the Republican candidate or whether there is a Republican candidate.

That district is District 2 in Powhatan County where Plaintiff Robert G. Marcellus is running

against incumbent Larry Nordvig. Mr. Marcellus has been nominated by the Republican Party

and his nomination has been certified to the Defendants. Mr. Nordvig ran in and won the

February 10, 2015, special election to the Board of Supervisors in District 2 with the Republican

3

Party's nomination, but he thereafter abandoned the Party's agenda, ignored his pledge to support low taxes, initially filed with the Republican Party in May 2015 seeking its nomination in his reelection effort, and then decided to run as an Independent candidate. Before withdrawing his request for the Republican nomination for his reelection bid, he had urged all registered voters in his district to participate in the May 21, 2015, Republican nominating process. In the 2015 special election campaign, Mr. Nordvig posted signs throughout the district declaring his Republican Party affiliation. He was actively supported by elected Republican officials and the Plaintiff Powhatan County Republican Committee during the special election campaign. His Facebook page continues to show April 2015 photographs of himself with longtime Republican Delegate Lee Ware and Republican Delegate Rob Bell, as well as Delegate Ware's endorsement of Mr. Nordvig in the special election. Until just a few weeks ago, the website of the Virginia Public Access Project identified Mr. Nordvig as a Republican. Mr. Marcellus has encountered confusion among voters in his district as he has campaigned since receiving the republican nomination. Declaration of Robert G. Marcellus ¶ 32.

**ARGUMENT**

An analysis of the four factors on which the Court will determine whether to grant the Plaintiffs' Motion for a Preliminary Injunction will show that Plaintiffs are entitled to the preliminary relief they request.

## I. PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS.

The Plaintiffs assert two claims: 1) Va. Code § 24.2-613 violates their freedom of association guaranteed by the First and Fourteenth Amendments and 2) that statute violates their right guaranteed by the Equal Protection Clause of the Fourteenth Amendment. They are likely to prevail on both claims. The test is not whether they are more likely to prevail than not. Rather,

4

the threshold test is whether they have "raised questions going to the merits so serious, substantial, difficult and doubtful as to make them fair ground for litigation and thus for more deliberate investigation." *Blackwelder Furniture Co., Inc. v. Seilig Mfg.Co.Inc.,* 550 F.2d 189, 195 (4th Cir.1977). Because the four-factor test is a balancing test, the degree to which the Plaintiffs must show likelihood of success rises or falls depending on whether the balance of hardships tips in favor of the Defendants or the Plaintiffs. *Direx Israel, Ltd. V. Breakthrough Medical Corp.,*952 F.2d 802, 812-13 (4th Cir. 1992). For that reason, the balancing of hardships should be addressed before the Court focuses on likelihood of success. *Id.* at 813, 817.

### A. Va. Code § 24.2-613 violates the Plaintiffs' right of association.

The Supreme Court has repeatedly stated that regulation of protected associational activity, at a minimum, must be reasonable and nondiscriminatory. *Burdick v Takishi,* 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze,* 460 U.S. 780, 793 (1983); *Williams v. Rhodes,* 393 U.S. 23, 30 (1968). The plain language of Va. Code § 24.2-613 demonstrates unreasonable and disparate treatment of local candidates who have been nominated by their political parties. Unlike party-nominated federal, statewide and General Assembly candidates, local party-nominated candidates are not permitted to have the political party that nominated them identified on the ballot. The prohibition against the identification on the ballot of party that nominated a candidate infringes the Plaintiffs' right to associate with those with whom they agree for the purpose of advancing political views. There is no reasonable and sufficient justification for such discriminatory treatment of similarly situated individuals. Because there are readily available methods of using information already available to the Defendants to assure that every candidate who has been nominated by a political party is identified as such on the ballot, there is no reasonable basis for denying that informational linkage on the ballot to some party-nominated

5

candidates while extending it to others. Declaration of Robert G. Marcellus ¶. Under Virginia's statutory scheme, all candidates listed on the general election ballot must gain access in one of two ways: they are either nominated by a qualified political party or must obtain a sufficient number of signatures of registered voters to run as independent candidates. Va. Code §§ 24.2-500 *et seq.* The individual Plaintiffs have been nominated by the Republican Party by a method other than a party primary. Va. Code § 24.2-509(A); Declaration of Robert G. Marcellus ¶ 3.

Qualified political parties have a statutorily assured opportunity to place their nominees on the ballot. Va. Code § 24.2-508. Not only may political parties nominate candidates for public office, they may also select a replacement for a nominee who dies, withdraws or is disqualified before the general election occurs. Va. Code § 24.2-508(iii), 24.2-539 and 24.2-612.1. There is no such provision in Virginia law allowing the replacement of an independent candidate who dies, withdraws or is disqualified. These statutes underscore 1) the role of political parties, 2) their interest in and control over candidates who appear on the ballot as their standardbearers, and 3) their claim to having their identifying label on the ballot next to their candidates' names.

In *Munro v. Socialist Workers Party,* 479 U.S. 189 (1986), the Court said:

> Restrictions upon the access of political parties to the ballot impinge upon the rights of individuals to associate for political purposes, as well as the rights of qualified voters to cast their votes effectively, *Williams v. Rhodes,* 393 U.S. 23, 30 (1968), and may not survive scrutiny under the First and Fourteenth Amendments.

*Id.* at 193. "Access of political parties to the ballot" must mean more than merely the opportunity to have the parties' nominees placed on the ballot. It must also mean the right to an identification of the candidates' party affiliation, particularly because the fact of their party nomination permitted them to qualify for placement on the ballot. *See Tashjian v. Republican Party of Connecticut,* 479 U.S. 208, 214 (1986)(recognizing the right to associate with the political party of one's choice). *See also Eu v. San Francisco Cnty. Dem. Cent. Comm.,* 489 U.S.

6

214, 224 (1989). It is anomalous that political parties may nominate candidates for local office, but may not be linked to those candidates on the ballot as a consequence of Va. Code § 24.2-613. This anomaly contributes to voter confusion, which must be considered in any analysis of ballot restrictions. *Bullock v. Carter,* 405 U.S. 134, 143 (1972)("In approaching candidate restrictions, it is essential to examine in a realistic light the extent and nature of their impact on voters."); *Rosen v. Brown,* 970 F.2d 169, 173 (6th Cir. 1992)(To avoid voter confusion, Independent candidate was entitled to be identified as such on ballot.) .

Party labels are a "shorthand designation" of the policy positions of party candidates. *Tashjian,* 479 U.S. at 220. These labels are sometimes referred to as "partisan cues" or "voter cues." *LaRogue v. Holder,* 650 F.3d 777, 782 (D.C. Cir. 2011); *Schrader v. Blackwell,* 241 F.3d 783, 788 (6th Cir. 2001).The identification of a candidate with his party provides important information to voters, but such ballot information is also vital for the party and its candidates in the exercise of their right of association. *Tashjian,* 479 U.S. at 220.

This case presents the Court with the issue of an unreasonable and discriminatory regulation of party labels on the ballot and not an issue of whether the party and its nominees have an absolute right to the inclusion of that information on the ballot. Even if Plaintiffs lack the absolute right to have a party label next to their names on the ballot, they nevertheless have a claim that the General Assembly has treated local candidates in an unreasonable and discriminatory manner by denying them the benefit that it has granted to federal, statewide and General Assembly candidates in Va. Code § 24.2-613. *See Burdick,* 504 U.S. at 434; *Rosen,* 970 F.2d at 175 ("Once a State admits a particular subject to the ballot and commences to manipulate the content or to legislate what shall and shall not appear, it must take into account the provisions

of the Federal and State Constitutions regarding freedom of speech and association, together with the provisions assuring equal protection of the laws.").

In *Rosen,* a statutory provision prohibiting the label "Independent" from appearing on a ballot next to the name of a candidate who was not affiliated with any political party was held to be an unreasonable burden on the candidate's right of association in violation of the First and Fourteenth Amendments. *Id.* at 177. The burden on the Plaintiffs' associational rights as party nominees as the nominating party is arguably even greater than the burden on an unaffiliated candidate. A candidate has the right to be associated with a political party. *See Kusper v. Pontikes,* 414 U.S. 51, 56-57 (1973). And a party has a right to be associated with its standardbearer. *See Eu v San Francisco County Democratic Cent. Comm.,* 489 U.S. 214, 224(1989); *Fraternal Order of Police v. Mayor & City Coun. of Ocean City, Md.,* 916 F.2d 919, 923 (4th Cir. 1990)(association has the right to select its spokesmen). *But see Dart v. Brown,* 717 F.2d 1491 (5th Cir. 1983).

The August 3, 2015, email from Brooks C. Braun to the Powhatan County General Registrar (Exhibit 1 to the Complaint) suggests that one justification for the discrimination so obviously created by Va. Code § 24.2-613 is that eliminating that discrimination would present "some budget concern." If the cost of assuring equal treatment by government could be an excuse for denying it to some, the guarantee of the Equal Protection Clause would be rendered an empty promise. Virtually every disparate treatment by government could be justified if eliminating such disparity would cost the government money. The other justification suggested in the Braun email is the Commonwealth's interest in accommodating the federal Hatch Act. But the Defendants currently identify candidate by party affiliation on the website of the State Board

of Elections. Declaration of Robert G. Marcellus ¶ 25. If party affiliation must not be indicated on the ballot, it must not be indicated on the agency's website.

To justify the burden on the Plaintiffs' exercise of their right of association, the Defendants must show that the disparate treatment of Plaintiffs and other candidates who are not federal, statewide or General Assembly candidates is justified by more than "generalized and hypothetical interests" of the Commonwealth. *Anderson v. Celebrezze,* 460 U.S. at 789. The justification must be based on precise interests and not on suppositions. *Edenfield v.Fane,* 507 U.S. 761, 768 (1993).

In determining the constitutionality of election laws, the balancing test established in *Anderson v. Celebrezze* must be applied. The court must first consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the Plaintiffs seek to vindicate. The analysis next turns to the identification and evaluation of the precise interests put forward by the Defendants as justification for the burden imposed by Va. Code § 24.2-613. Finally, the Court must not only determine the legitimacy and strength of each of those interests, but also consider the extent to which those interests make it necessary to burden the Plaintiffs' rights. *See Schrader v. Blackwell,* 241 F.3d 783, 787 (6th Cir. 2001); *Constitution Party of Kansas v. Biggs,* 813 F.supp.2d 1274, 1278 (D. Kan. 2011).

Applying that analysis, the Plaintiffs have shown that their claim of a violation of their right of association is sufficiently "serious, substantial, difficult and doubtful as to make [it] fair ground for litigation and thus for more deliberate investigation." *Blackwelder Furnitue Co. Inc.,* 550 F.2d at 195. Because the balancing of hardships tilts in the Plaintiffs' favor, as demonstrated below, the degree of probability of success is more than sufficient to justify the issuance of the requested injunction.

**B.   Va. Code § 24.2-613 denies the Plaintiffs equal protection of the laws.**

The classification established by Va. Code § 24.2-613 of party-nominated candidates

who are entitled to have their party identification shown on the ballot violates the Equal

Protection Clause on its face and as applied to the Plaintiffs. That classification includes only

"federal, statewide and General Assembly candidates" and excludes all local candidates even

when those local candidates have been nominated by a political party.

Whether the Plaintiffs' claim is characterized as an equal protection claim with a freedom

of association component or as a freedom of association claim with an equal protection

component, the ultimate analysis is the same. *Constitution Party of Kansas v. Biggs,* 813

F.Supp.2d 1274, 1277 (D.Kan. 2011); *Green Party of N.Y. v. Weiner,* 216 F.Supp.2d 176, 186

(S.D.N.Y. 2002). The same burden that gives rise to the freedom of association claim necessarily

raises an equal protection concern. *Biggs,* 813 F.Supp.2d at 1277; *Weiner,* 216 F.Supp.2d at 189.

To determine whether the classification constitutes a violation of the Equal Protection Clause,

just as in considering whether there has been a violation of the freedom of association, the Court

must examine the character of the classification in question, the importance of the individual

interests at stake, and the state interests asserted in support of the classification. *Illinois St. Bd. of*

*Elections v. Socialist Workers Party,* 440 U.S. 173, 183 (1979).

The August 3, 2015, email to Karen Alexander from Brooks Braun, the Defendants'

policy analyst, suggests that the Commonwealth has two supporting grounds for the

classification: 1) the Hatch Act necessitates the classification to exclude party-nominated

officials whose salaries are paid with federal funds and 2) the budgetary impact of eliminating

the disparate treatment warrants the classification. Neither ground is sufficient or reasonable. First, if there are Hatch Act implications, the concern is not alleviated by denying local party-nominated candidates their party label. The concern could only be alleviated by making the offices non-partisan and prohibiting party nominations. Second, if budgetary considerations justify the disparate treatment here, the guarantee of the Equal Protection Clause necessarily becomes an empty promise because virtually every measure required to assure equal protection has a negative budgetary impact.

Based on the foregoing analysis and after balancing the hardships of the parties, Plaintiffs have a high probability of prevailing on their equal protection claim sufficient to warrant preliminary injunctive relief based on this claim alone.

## II. THE PLAINTIFFS WILL SUFFER IRREPARABLE INJURY WITHOUT AN INJUNCTION.

Unless the Court grants the Plaintiffs' Motion for Preliminary Injunction, they will be confronted with voter confusion that opponents of the Republican Party's nominees for local office can exploit. Declaration of Robert G. Marcellus ¶ 32. When the party label appears on the ballot next to the names of General Assembly candidates but not next to the names of local candidates who have also been nominated by the Republican Party, voters may reasonably question whether the local candidates are in fact the standardbearers of the Party. *See Rosen,* 970 F.2d at 173. As the Declaration of Robert Marcellus explains, his opponent in the general election, Larry Nordvig, declined to seek the Republican Party's nomination to run for reelection in November 2015, but continues to portray himself as a Republican despite the fact that Mr. Nordvig has vigorously attacked the two incumbent members of the Powhatan County Board of Supervisors who have been nominated by the Republican Party to run for reelection. Those two Republicans, as well as the incumbent Republican member of the House of Delegates from

11

Powhatan and other Republican officials, campaigned for Mr. Marcellus's opponent during the campaign preceding the February 2015 special election. Declaration of Robert G. Marcellus ¶¶ 7-9.  By providing the party label for General Assembly candidates on the official ballot while denying it for local candidates at the same election, Va. Code § 24.2-613 prompts voters to question the support of a political party for local candidates even though they are on the ballot precisely because they have been nominated by that political party. Va. Code § 24.2-505. *See Rosen,* 970 F.2d at 173("[T]he absence of a label for a candidate gives rise to mistrust and negative inferences.").

The outcome of the general election is likely to be affected by substantial voter confusion if an injunction does not issue. Declaration of Robert G. Marcellus ¶¶ 29, 31 & 32. The injury that Plaintiffs would experience if their request for preliminary relief is not granted cannot be repaired after the election. They will suffer irreparable injury if the ballot does not include an identification of the political party that has nominated the individual Plaintiffs.

### III. THE BALANCE OF EQUITIES TILTS IN FAVOR OF PLAINTIFFS.

Weighing the likely injury to the Plaintiffs, if the injunction is not granted, against the potential impact on the Defendants, if an injunction is granted, shows that the tilt is clearly in favor of the Plaintiffs. The effect of the requested injunction on the Defendants is a minor administrative adjustment to allow the same information that it has displayed for many years on the ballot for federal, statewide and General Assembly candidates to be included for local candidates. The law already requires that such information about party nominations of local candidates be submitted to the Defendants. Va. Code § 24.2-511. The Defendants have in their possession all of the information needed to eliminate the disparate treatment of party-nominated candidates and to comply with the injunction requested by the Plaintiffs. Declaration of Robert

G. Marcellus ¶¶ 24, 25. A simple software modification would accommodate the requirement of the injunction.

On the other hand, the Plaintiffs, particularly Robert Marcellus, would experience substantial voter confusion sowed by their opponents regarding the candidates' party affiliation. Declaration of Robert Marcellus ¶¶ 29,31 & 32. The failure of the ballot to display any indication that certain local candidates have been nominated by a political party while showing that very information about General Assembly candidates on the same ballot at the upcoming general election will contribute to doubt among voters as to which candidate reflects a particular political party's agenda. The absence of that party identifier on the ballot is not a neutral or inconsequential factor. It is likely to suggest to voters that all local candidates are not nominees of a political party. *See Rosen,* 970 F.2d at 173.

In Mr. Marcellus's case, the absence of the party label on the ballot will enable his opponent, who had been the nominee of the Republican Party only months earlier before breaking with the Party and declining to seek its nomination for the general election, to pose as a Republican candidate who continues to be supported by longtime Republican Delegate Lee Ware, the incumbent member of the Virginia House of Delegates whose legislative district includes District 2 in Powhatan and who will appear on the same 2015 general election ballot with Mr. Marcellus and Mr. Nordvig. Delegate Ware previously campaigned for Mr. Nordvig, Mr. Marcellus's general election opponent, before the February 2015 special election and before Mr. Nordvig left the Party. A photograph of Mr. Ware and Mr. Nordvig posing together with Republican Delegate Rob Bell in April 2015, along with Delegate Ware's written endorsement of Mr. Nordvig during the special election campaign, remain on Mr. Nordvig's Facebook page. Declaration of Robert Marcellus ¶ 31.

## IV.  INJUNCTIVE RELIEF WOULD BE IN THE PUBLIC INTEREST.

Although a mandatory injunction is generally disfavored, *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014), the circumstances of this particular case warrant such relief. There would be no disruption of the electoral process. In this case, unlike the *League of Women Voters* case, an injunction would have a salutary effect on the electoral process. Far from disrupting the election, the mandatory injunction requested by the Plaintiffs would actually make the process more transparent and helpful to voters. By providing information on the ballot about a local candidate's party nomination, voters will better "inform themselves for the exercise of the franchise." *Tashjian*, 479 U.S. at 220. Continuing the status quo by denying the Plaintiffs' Motion for Preliminary Injunction would be more harmful to the public interest than mandating the simple adjustment of the ballot to give voters the party affiliation information for *all* party-nominated candidates and not just some.

### CONCLUSION

The Court should grant the Plaintiffs' Motion for Preliminary Injunction.

Respectfully submitted,

**ROBERT G. MARCELLUS**
**DAVID WILLIAMS**
**BARRY HODGE**
**TIM GRESHAM**
**POWHATAN COUNTY REPUBLICAN**
**COMMITTEE**

By_____

14

Patrick M. McSweeney (VSB No. 5669)
McSWEENEY, CYNKAR & KACHOUROFF,
    PLLC
Powhatan Office
3358 John Tree Hill Road
Powhatan, Virginia 23139
Tel. (804) 937-0895
Fax  (703)
patrick@mck-lawyers.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that on August 17, 2015, I electronically filed the foregoing with the Clerk of the

District Court using the CM/ECF system and have mailed the foregoing document to:

James B. Alcorn
UNOS
700 North 4th Street
Richmond, VA 23219

Clara Belle Wheeler
Blue Ridge Hand & Orthopaedic Clinic
1754 Stony Point Road
Charlottesville, VA 22911

Singleton McAllister
Husch Blackwell
750 17th Street, N.W., Suite 900
Washington, D.C. 20006

Edgar Cortes, Commissioner
Virginia State Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

In addition, a copy of the foregoing was emailed on August 17, 2015, to Kristina P. Stoney,

Senior Assistant Attorney General of Virginia, at kstoney@oag.state.va.us.

                    /s/
                _____
                  Patrick M. McSweeney

**EXHIBIT    A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

Robert G. Marcellus,

David Williams,

Barry Hodge,

Timothy Gresham and

Powhatan County Republican Committee,

Plaintiffs,

v.

Virginia State Board of Elections,

James B. Alcorn, in his official capacity as a
Member and Chairman of the Virginia State
Board of Elections,

Clara Belle Wheeler, in her official capacity as
a member and Vice Chair of the Virginia State
Board of Elections and

Singleton B. McAllister, in her official capacity
as a member and Secretary of the Virginia
State Board of Elections,

Defendants.

Case No. 3:15-cv-00481

## DECLARATION OF ROBERT G. MARCELLUS

I, Robert G. Marcellus, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as

follows:

1.      I am an adult resident of, and registered voter in, Powhatan County, Virginia.

1

2.      I am currently a candidate for election to the public office of member of the Powhatan County Board of Supervisors to represent Election District No. 2.

3.      I was nominated by the Republican Party as its candidate for the Board of Supervisors, District 2 on May 21, 2015, in accordance with the method selected by the Powhatan County Republican Committee as authorized by the Plan of Organization of the Republican Party of Virginia.

4.      The incumbent member of the Board of Supervisors representing District 2 is Larry Nordvig, who was elected to that office at a special election on February 10, 2015.

5.      Mr. Nordvig was nominated by the Republican Party in Powhatan County as its candidate for that office in the February 2015 special election.

6.      Mr. Nordvig campaigned leading up to the special election, pledging to support the Republican Party platform of low taxes and spending by the Board of Supervisors.

7.      Mr. Nordvig was actively supported for election at the February 2015 special election by members of the Republican Party, including Delegate Lee Ware, Supervisor David Williams, Committee Treasurer Kathy Sobczak and Chairman Patrick McSweeney, who campaigned door to door for him.

8.      Susan Lascolette, a member of the Goochland County Board of Supervisors, who had been elected as a Republican-nominated candidate to that position in 2011, and other Republicans from Goochland County campaigned door to door for Mr. Nordvig during the 2015 special election campaign.

9.      Republican Party activists not only went door to door in support of Mr. Nordvig's special election candidacy, but also posted campaign signs, made telephone calls for him and

contributed time and funds to support him because he was publicly committed to the principles of the Republican Party.

10.    Mr. Nordvig won election to the Board of Supervisors at the February 10, 2015, special election.

11.    Shortly after taking office in February 2015, Mr. Nordvig agreed to advocate a proposal to reduce County spending in its fiscal year 2016 budget that I had helped develop in separate discussions with him and two members of the Board of Supervisors, David Williams and Barry Hodge, who had been elected as Republican nominees at the 2011 general election.

12.    Mr. Nordvig assured me repeatedly that he would introduce the spending and tax reduction proposals at or before a meeting of the Board of Supervisors in March 2015 and then in April 2015. A copy of Mr. Nordvig's March 2015 email exchanges with me is attached hereto as Exhibit 1.

13.    When Mr. Nordvig failed to introduce the spending and tax reduction proposals in March and April 2015, Mr. Hodge did so at the May 4, 2015, meeting of the Board of Supervisors. Mr. Williams seconded Mr. Hodge's motion.

14.    Before the May 4, 2015, Board meeting began, I was with the Chairman of the Powhatan County Republican Committee when Mr. Nordvig handed the Chairman a handwritten letter advising the Chairman of Mr. Nordvig's intention to seek the Republican nomination for election to the Board of Supervisors, District 2 at the November 3, 2015, general election.  His notice was well before the May 21, 2015 deadline and he was the first and only candidate at the time asking for the Republican nomination for the November 3, 2015 General Election.  That written notice was required by the Call previously issued by the Chairman for a Mass Meeting to determine the Party's nominee for that office. A copy of Mr. Nordvig's handwritten letter is attached hereto as

3

Exhibit 2. A copy of the Call for a Powhatan county Republican Mass Meeting is attached hereto as Exhibit 3.

15.     Immediately after the spending proposal was introduced at the May 4, 2015, Board of Supervisors meeting, Mr. Nordvig denied having any prior knowledge of the proposal and attacked his Republican colleagues for what Mr. Nordvig described as an "ambush" of the other members of the Board and the people of the County.

16.     The spending reduction proposal was accompanied by a proposal also introduced by Mr. Hodge on May 4, 2015, to reduce the County's real estate tax rate from 90 cents per $100 of assessed value to 89 cents.

17.     Both proposals were deferred until the Board's May 18, 2015, meeting.

18.     I met personally with Mr. Nordvig on May 16, 2015, to advise him that I had decided to seek the Republican nomination for the office of member of the Board of Supervisors, District 2 in order to give the Party a choice in light of Mr. Nordvig's opposition to the Republican position and his pledge to the voters of our district during the special election campaign.

19.     At the May 18, 2015, Board meeting, which I attended, Mr. Nordvig again attacked his Republican colleagues on the Board, accusing them of unfairly waiting to introduce the spending and tax reduction proposals until the last minute. He publicly announced that he was resigning as Vice Chairman of the Powhatan County Republican Committee and would not seek the Republican nomination for reelection to the Board.

20.     At meetings of the Board of Supervisors, in public comments at a meeting of the Powhatan County School Board and on his Facebook page, Mr. Nordvig has repeatedly attacked his Republican colleagues on the Board of Supervisors and the leaders of the Republican Party, accusing them of "corruption." He has also defended his change of position and his reversal of

his pledge to the voters of the County's District 2 during the 2015 special election campaign regarding County spending and taxes.

21.     At the May 18ᵗʰ, 2015, meeting of the Board of Supervisors, Mr. Nordvig voted against the spending and tax reduction proposals supported by his Republican colleagues on the Board and the Powhatan County Republican Committee. Mr. Nordvig also proposed for the first time even more spending in the fiscal year 2016 County budget than had ever been proposed during the previous months of budget discussions.

22.     Mr. Nordvig joined two other members of the Board of Supervisors, Carson Tucker and Bill Melton, in voting to oppose Mr. Hodge's proposal to reduce the County v's real estate tax rate and in adopting the County's fiscal year 2016 budget with the increase in spending proposed by Mr. Nordvig.

23.     Because of Mr. Nordvig's public announcement on May 18, 2015, that he was withdrawing his request for the Republican Party's nomination for the Board of Supervisors, District 2, I was the only individual seeking the nomination as of the May 21, 2015, deadline for filing set by the Call issued by the Chairman of the Powhatan County Republican Committee, and after speaking to the Committee Members of the Powhatan Republican Party on my support of the Republican principles and platform. The Chairman then declared that I was the Party's nominee for that office.

24.     I have complied with all of the statutory requirements to qualify as a candidate eligible to be placed on the official November 3, 2015, general election ballot.

25.     The Commonwealth of Virginia Department of Elections has properly listed my candidacy as being on the ballot on the State website under 'What on My Ballot' page with an

"R" (Exhibit 4 attached hereto) and at *http://elections.virginia.gov/Files/CastYour*

*Ballot/CandidateList/2015GE-List_Of_Candidates_By_Office_Locality.pdf.*

26.     The Virginia Department of Elections website shows that Mr. Nordvig has qualified to be

placed on the 2015 general election ballot. It lists Mr. Nordvig as an "Independent." Exhibit 4

attached hereto.

27.     The Defendants' website continues to show Mr. Nordvig as the Republican candidate for

election to the Board of Supervisors, District 2 at the February 10, 2015, special election. A copy

of that page of the Department's website is attached hereto as Exhibit 5.

28.     I have campaigned in District 2 since I was nominated by the Republican Party and have

heard from numerous voters in the district that they are aware of the Republican Party's agenda

and intend to vote for the Republican candidate in November 2015.

29.     In my investigation of online information related to the 2015 elections. I discovered a

posting on the official website of Arlington County, Virginia, regarding the County's Electoral

Board, stating: *"Political party affiliation does not appear on the official ballots for local office*

*candidates but is provided here for your information, along with indication of incumbents.*

*D=Democrat, R=Republican, IG=Independent Green, I=Independent (no party affiliation)"*

(italics in original) A copy of that webpage is attached hereto as Exhibit 6.

http://arlingtonva.us/Elections/upcomingelections/

30.     The Prince William County, Virginia website also lists local candidates' party affiliation

and non-affiliation. *http://pwcgov.org/government/dept/vote/pages/default.aspx*

31.     Mr. Nordvig's Facebook page continues to include a written endorsement by long-time

Republican Delegate Lee Ware of Mr. Nordvig made before the February 2015 special election

and photographs of Delegate Ware and Mr. Nordvig with Republican Delegate Rob Bell taken in April 2015.  The relevant portion of Mr. Nordvig's Facebook page are attached hereto as Exhibit 7.

32.     In my campaigning for public office since I was nominated as the Republican Party candidate in May 2015, I have encountered voters in District 2 who are confused about which candidate is the Republican candidate for the Board of Supervisors in this district.

33.     It had not occurred to me or voters that I have spoken to that my name would not be associated with "Republican" on the actual ballot as the State Board of Elections website so clearly delineated party affiliation for all candidates except school board.  I had used the website Official list of Candidates for verification and comfort that the Party nomination process to secure my name on the ballot, with my particular party affiliation 'Republican' had been properly executed.


I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct. I have executed this declaration on August 14, 2015.

_____
Robert G. Marcellus            8.14.2015

## CERTIFICATE OF SERVICE

I certify that on August 17, 2015, I electronically filed the foregoing with the Clerk of the

District Court using the EM/ECF system and have mailed the foregoing document to:

James B. Alcorn
UNOS
700 North 4th Street
Richmond, VA 23219

Clara Belle Wheeler
Blue Ridge Hand & Orthopaedic Clinic
1754 Stony Point Road
Charlottesville, VA 22911

Singleton McAllister
Husch Blackwell
750 17th Street, N.W., Suite 900
Washington, D.C. 20006

Edgar Cortes, Commissioner
Virginia State Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

In addition, I certify that a copy of the foregoing was emailed on August 17, 2015, to Kristina P.

Stoney, Senior Assistant Attorney General of Virginia, at kstoney@oag.state.va.us.

/s/
_____
Patrick M. McSweeney

**EXHIBIT 1**

**From:** Laurence Nordvig [mailto:larrynordvig@msn.com]
**Sent:** Monday, March 23, 2015 7:59 AM
**To:** Bob Marcellus
**Subject:** RE: print pages


Got it...

I'm finally getting my head around all of this. Of course, tonight is the biggest piece of the puzzle. The School Board presents it's version of where most of our money goes.

I will need to meet with you in person this week, I think. Makes to easier to go back & forth between pages/numbers and really nail this down.

I have Board meetings tonight & tomorrow night. I think Billy Melton & I are meeting this week (maybe we should do that after you & I meet). And, of course, Barry & David & I will 'caucus' during separate times. So, it will be tough (but needed) to formulate a plan of action to present by the last workshop.

What does the 2nd half of your week look like?

Thanks
Larry

Subject: print pages
From: bob@richmondgroupfundco.com
Date: Sat, 21 Mar 2015 11:33:34 -0400
To: larrynordvig@msn.com


We focus below on revenues and projections, not anything else superfluous.  All of the contradictions and confusion reside in these below slides.

PLEASE PRINT from FY2015 and FY2106 County Administrator Budget Proposals the following slides and pages so we can lay them out and see them more easily;


FY15:  slides  4,8     page [1-15] (net increase in taxes) and  page 1 and 2 in [tab 2] revenue summary, a total of 5 sheets


FY16:  slides  5, 6, 7, 8, 15     pages . [1-2], [1-8], [2-1], [2-2]

Larry March 30th text

Got it. Been on a tour and was tutoring  until npw

Bob

Good.  I can make the first hour tonight.  I will keep it high level on comments  , unless you think I should mention anything specific...the sheriff stuff is kind of out there already due to the study being talked about ... I let u guys coordinate any talking points. But generally suggest big picture stuff and not so much in weeds

Everything you and the guys need to do to get the budget in order is based on principle and not agenda for any specific dept other than to understand the priority of the request ...

Larry March 30th

I like the big picture dollar amount you were talking about on the sheet you put up against the wall of the restaurant I'm talking about the column that leaves tax flat not the -1 decrease
You could mention that

---

Subject: Re: Sheriff Campaign Policy statement
From: bob@richmondgroupfundco.com
Date: Tue, 31 Mar 2015 10:54:07 -0400
To: larrynordvig@msn.com

Ok. Thanks

What happened that the rest of the items didn't get voted on?  Only got a message from Dave that it didn't occur but will chat with him later ..

Cheers

Bob

On Mar 31, 2015, at 9:47 AM, Laurence Nordvig <larrynordvig@msn.com> wrote:

We had the mandatory straw poll for advertising the 'Total budget' amount after you left. It required bringing up the sheriff office line item. I gave 'the talk' for a few minutes. We removed the 97,000 from the total and went with the original amount. Chris DeHart was not happy. I dare say that the sheriff office will think I betrayed them, but actually, no one was even thinking of coming up with 2 deputies until I went to bat for them. Finding a pathway without spending more should be a plus (unless someone wants to protect a useless position/title on the admin side).

Mission complete on that line item
L

**EXHIBIT 2**

Pat,

This is to inform you that I am seeking the GOP nomination for County Supervisor, District 2, for the November 2015 election. As required by RPV by-laws, this will serve as the signed statement of intent.

Thank you —

Larry Nordy

**EXHIBIT 3**

## REVISED CALL FOR MASS MEETING

As Chairman of the Powhatan County Republican Committee and pursuant to the Plan of Organization of the Republican Party of Virginia and as directed by the Committee, I, Patrick M. McSweeney, do hereby issue this Revised Call for a County Republican Mass Meeting to be held at the Powhatan County Rescue Squad Building in the Courthouse Village, on Thursday, May 28, 2015, beginning at 7:00 p.m., Eastern Daylight Time, with registration opening at 6:30 p.m. on that date and at that location, for the purpose of nominating Republican candidates for election to the Board of Supervisors in Election Districts 1, 2, 3 and 5 and for election as District Director of the Monacan Soil and Water Conservation District, all to be elected in the General Election to be held on November 3, 2015, and for the transaction of such other business as may properly come before the Mass Meeting.

### Qualification for Participation

All legal and qualified voters of Powhatan County under the laws of Virginia, regardless of race, religion, national origin or sex, who are in accord with the principles of the Republican Party of Virginia and who, if requested, express their intent to support all of the candidates of the Republican party for public office in the ensuing election, may participate in the Mass Meeting. Only those voters who are registered in the Election District to be represented by the member of the Board of Supervisors from that district may participate in the nomination of the Republican candidate who will seek election in that district.

### Filing Requirements

Candidates for nomination at the Mass Meeting must file a signed, written statement of their intent to seek nomination for a particular public office in person with Patrick M. McSweeney at 3358 John Tree Hill Road, Powhatan, VA 23139 no later than 5:00 p.m., Eastern Daylight Time, on Thursday, May 21, 2015. Any candidate who filed a written statement of intent to seek the nomination for an office pursuant to the previous Call for a Mass Meeting on May 14, 2015, need not file another statement of intent pursuant to this Revised Call for a Mass Meeting on May 28, 2015.

### Registration Fee

There will be no registration fee to participate in the Mass Meeting.

### Cancellation

If only a single individual timely prefiles for nomination to any of the elective offices for which this Call has been issued, the single individual declaring his or her intention to seek the Republican nomination for that public office shall be declared the Republic Party nominee for such office without the need for a vote at the Mass Meeting. If only a single individual timely prefiles for nomination for each of the several offices for which this Call has been issued, then the Mass Meeting will be cancelled and each of those individuals will be declared the Republican nominee for the respective public office.

**EXHIBIT 4**

Home   My Information   Where do I vote?   Where is my Absentee Ballot?

**Election:**   2015 November General

⊟ Candidate Details
  *To sort your results, click the column heading once to sort ascending, and twice to sort descending.*
  *To collapse or expand the Candidate list, click the minus sign / plus sign.*

| Office | Jurisdiction | Ballot Name | Party | Web Site |
|---|---|---|---|---|
| Member Board of Supervisors - DISTRICT 2 | POWHATAN COUNTY | Robert G. "Bob" Marcellus | Republican | http://www.marcellus.us |
| Member Board of Supervisors - DISTRICT 2 | POWHATAN COUNTY | Larry J. Nordvig | Independent | http://LARRYNORDVIG.COM |

⊟ Referendum Details
No Ballot Issues found for the selected election.

Return

What is on my Ballot? My Local Contacts SBE Home Page Additional Election Links

*** On
Polling
open fr

Virginia Ab

Voter Form

Candidates

Election Re

Local Voter

News Rele

File a Voter

Frequently

Virginia Sta

**EXHIBIT 5**

**COMMONWEALTH OF VIRGINIA**
**DEPARTMENT OF ELECTIONS**
**List of Candidates**

**Tuesday, February 10, 2015 Special Election**
**County of Powhatan**
**Member, Board of Supervisors**

## POWHATAN COUNTY

### District 2

| Incumbent | Party | Candidate | Address |
|---|---|---|---|
| No | Republican | Larry J. Nordvig | 1636 Dorset Meadows Ln<br>Powhatan, VA 23139<br><br>**E-Mail Address: Larrynordvig@msn.com**<br>**Phone: 804-245-4551** |
| No | Independent | Gail H. Timberlake | 1477 Dorset Rd<br>Powhatan, VA 23139<br><br>**E-Mail Address: ghtimber1@aaol.com**<br>**Phone: 804-598-3989** |

**EXHIBIT 6**

# Elections

## Upcoming Elections

**Polling Place Hours on all Election Days: 6 am-7 pm**

**General Election: Tuesday, November 3, 2015**

**About Arlington's Voting System**

The **General Election** on Nov. 3., 2015 will include the offices of Senate of Virginia (30th, 31st, and 32nd Districts), Virginia House of Delegates (45th, 47th, 48th, and 49th Districts), County Constitutional Offices (Clerk of Court, Commonwealth's Attorney, Sheriff, Commissioner of Revenue, and Treasurer), County Board (two seats), and School Board.

### *Nov. 3, 2015 General Election Candidates*

*Note: Political party affiliation does not appear on the official ballots for local office candidates but is provided here for your information, along with indication of incumbents. D=Democrat, R=Republican, IG=Independent Green, I=Independent (no party affiliation)*

| Office | Candidates |
| --- | --- |
| Senate of Virginia, 30th District | Adam P. Ebbin (D), incumbent<br>James R. Fisher (IG) |
| Senate of Virginia, 31st District | Barbara A. Favola (D), incumbent<br>George V. Forakis (R) |
| Senate of Virginia, 32nd District | Janet D. Howell (D), incumbent |
| House of Delegates, 45th District | Mark H. Levine (D) |
| House of Delegates, 47th District | Patrick A. Hope (D), incumbent<br>Janet H. Murphy (IG) |
| House of Delegates, 48th District | R. C. "Rip" Sullivan (D), incumbent |
| House of Delegates, 49th District | Alfonso H. Lopez (D), incumbent |
| Clerk of Circuit Court | Paul F. Ferguson (D), incumbent |
| Commonwealth's Attorney | Theo K. Stamos (D), incumbent |
| Sheriff | Elizabeth F. "Beth" Arthur (D), incumbent |

Case 3:15-cv-00481-MHL   Document 3   Filed 08/17/15   Page 42 of 47 PageID# 54

| | |
|---|---|
| Commissioner of Revenue | Ingrid H. Morroy (D), incumbent |
| Treasurer | Carla F. De La Pava (D), incumbent |
| County Board (two seats up for election) | Kate A. "Katie" Cristol (D)<br>Christian E. Dorsey (D)<br>Audrey R. Clement (I)<br>Michael T. McMenamin (I) |
| School Board | Reid S. Goldstein<br>B. A. "Brooklyn" Kinlay |

All Arlington voters will see the five Constitutional offices, along with County Board and School Board, on their November ballots. In addition, all voters will have one each of the above Virginia Senate and House of Delegates offices.

Not sure which Senate/House Districts you are in? Check your registration record to find out.

## 2016 Elections

**March 1, 2016 Presidential Primary**: Both the Democratic and Republican Parties in Virginia will hold primaries to select their Presidential nominees. Voters must choose which ballot to vote.

**June 14, 2016 Primary:** If primaries are held for either House of Representative or County Board, they will be on this date. Either the Democratic or Republican Parties may hold primaries.

**November 8, 2016 General and Special Election:** On the ballot will be President and Vice President of the United States, House of Representatives (8th District), County Board, and School Board (two seats). We also may have a special election for Virginia Constitutional amendments or County bond questions.

### Quick Links

- Register to Vote
- Virginia Solicitud de Inscripción de Electores 🄯
- Check Your Registration Status
- Update Your Address
- Absentee Voting
- Absentee Ballot Application
- Military/Overseas Absentee Voting
- Check Status of My Absentee Ballot
- Virginia Department of Elections

### Facebook

Arlington Votes

**EXHIBIT 7**

**Larry Nordvig Board of Supervisors**

April 21 ·

Delighted to attend the annual Delegate Lee Ware breakfast. Spent some quality time with Lee and Delegate Rob Bell.



**Larry Nordvig Board of Supervisors**
April 12 ·

Thanks to Lee Ware for providing a great night in Appomattox for the 150th anniversary commemoration. He is seen here with Watkins Abbitt, Jr., who served a quarter of a century in the House of Delegates and whose ancestor was present in 1865.



**Larry Nordvig Board of Supervisors**

January 22 ·

Here's the Lee Ware endorsement press release. Click on the picture to enlarge.



FOR IMMEDIATE RELEASE
January 14, 2015

### Delegate Lee Ware Endorses Larry Nordvig for 2nd District Supervisor

Powhatan, Virginia—Delegate Lee Ware has officially endorsed Larry Nordvig as his choice of candidate for the 2nd District Board of Supervisors position, to be voted on in a special election February 10th, 2015.

Delegate Lee Ware, who has represented the people of Powhatan as a member of the House of Delegates since 1998, recently released a statement endorsing Mr. Nordvig in his bid to become the next member of the County Board of Supervisors.

"As a graduate of the Naval Academy and a man of sound judgment and congenial manner, Larry Nordvig is precisely the kind of individual we need in local office. That he wants to give back to the community in which he has made his home is a boon for District 2 voters, who have the difficult choice of deciding between two superior candidates at the special election for Board of Supervisors on February 10. As the campaign unfolds, Larry Nordvig will without doubt impress voters with the clarity of his thought and his straightforward proposals for contributing to our county's continued well-being."

In response, Mr. Nordvig expressed his gratitude for Delegate Ware's endorsement. "Our campaign staff and all of our volunteers are deeply grateful for the endorsement by Delegate Ware. Since the beginning of our campaign, I have met so many people familiar with Lee Ware and his many years of faithful service to the people of Powhatan. Inevitably, their description of him is that he is 'A man of integrity'. I am, therefore, all the more honored that Delegate Ware has chosen to endorse me as his choice for District 2 Supervisor."

Mr. Nordvig is the Republican candidate in the race, and shares Delegate Ware's commitment to fiscal responsibility in taxes and spending, and policies which promote the quality of life and individual liberties of our citizens. He is running on the platform of "low taxes, property rights, and no urban sprawl". Nordvig is confident that it is possible to be both business-friendly and maintain the natural beauty of our rural community.

Mr. Nordvig is a former naval officer, pilot, certified teacher, local youth baseball coach, and political commentator on FOX News and other media outlets. He and his wife enjoy living in Powhatan with their 3 children.

**Larry Nordvig Board of Supervisors**

January 20 ·

Extremely honored to have the endorsement of Delegate Lee Ware! Here it is...
"As a graduate of the Naval Academy and a man of sound judgment and congenial manner, Larry Nordvig is precisely the kind of individual we need in local office. That he wants to give back to the community in which he has made his home is a boon for District 2 voters, who have the difficult choice of deciding between two superior candidates at the special election for Board of Supervisors on February 10. As the campaign unfolds, Larry Nordvig will without doubt impress voters with the clarity of his thought and his straightforward proposals for contributing to our county's continued well-being." - Lee Ware, Representative, Virginia House of Delegates (R-65)



**Larry Nordvig Board of Supervisors**

January 11 ·

These are beginning to spread all over!



Like   Comment   Share

**Larry Nordvig Board of Supervisors**

December 10, 2014 ·

Press Release went out yesterday!



**FOR IMMEDIATE RELEASE**
**December 9, 2014**

### Larry Nordvig Announces Run for 2nd District Supervisor Seat

**Powhatan, Virginia—Larry Nordvig formally announced his candidacy for the 2nd District Board of Supervisors position, to be voted on in a special election February 10th, 2015.**

Mr. Nordvig is committed to keeping Powhatan's natural beauty intact, and is running on the platform of "low taxes, property rights, and no urban sprawl." He is confident that it is possible to create a more business-friendly environment, while simultaneously protecting the "rural feel" which is treasured by County residents. Mr. Nordvig was recently confirmed as the Republican Party candidate in the race.

Nordvig recently stated, "As County Supervisor, I will fight to keep Powhatan an attractive place in which to live and work. With proper planning, we can lessen your tax burden, protect property rights, and promote prosperity for our citizens and county employees. We can be both business-friendly and maintain the natural beauty of our rural community. Together, we can keep Powhatan a great place to live."

Mr. Nordvig has a distinguished career as a naval officer and pilot. He graduated with honors from the United States Naval Academy, graduated at the top of his fight school class, and went on to become a fleet squadron flight instructor. He was awarded numerous decorations. Following his service, he went on to become a pilot with American Airlines, a licensed teacher in Virginia, a businessman, and political activist. Mr. Nordvig has appeared numerous times as a guest commentator on FOX News, and has been featured in many other media outlets, including CBS Evening News, CNN, The Washington Times, The Washington Post, The New York Times, Richmond Times-Dispatch, and radio shows such as Rush Limbaugh, NPR, The Blaze Radio, and others.

Larry and his wife reside in the 2nd District and have 3 children. The oldest son is in his first year at the Virginia Military Institute.