IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT G. MARCELLUS,** *et al.,*

    **Plaintiffs,**

v.                                                                      Civil Action No. 3:15cv481

**VIRGINIA STATE BOARD OF ELECTIONS,** *et al.,*

    **Defendants.**

## ORDER

On August 17, 2015, Plaintiffs Robert G. Marcellus, David Williams, Barry Hodge, Timothy Gresham, and Powhatan County Republican Committee ("Plaintiffs") filed their Complaint for Declaratory and Injunctive Relief[1] and Motion for Preliminary Injunction[2] ("Motion"). (ECF Nos. 1, 3.) Plaintiffs sue the Virginia State Board of Elections, along with its Chair and two other members, seeking to enjoin Defendants "from implementing and enforcing [a Virginia law governing election procedure] . . . and [instead] mandating that [Defendants] include on the official ballot for the November 3, 2015, general election an appropriate identification of the political party that nominated the Plaintiffs" as candidates for the Powhatan County Board of Supervisors. (Mot. Prelim. Inj. 2, ECF No. 3.)

---

[1] Plaintiffs say they bring this case under this Court's federal question, elective franchise, and declaratory judgment jurisdictional powers. (Compl. ¶ 2 (citing 28 U.S.C. §§ 1331, 1343(a)(3), and 2201(a)), ECF No. 1.)

[2] This Court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The Certificate of Service appended to the Motion indicates Plaintiffs' counsel mailed a copy of the Motion and attachments to Defendants Virginia State Board of Elections, James B. Alcorn (Member and Chair), Clara Belle Wheeler (Member and Vice Chair), and Singleton B. McAllister (Member and Secretary) (collectively, "Defendants") and emailed a copy to a Senior Assistant Attorney General of Virginia. (Mot. Prelim. Inj. 4, ECF No. 3.) Plaintiffs sue Alcorn, Wheeler, and McAllister in their official capacities.

Plaintiffs challenge Va. Code Ann. § 24.2-613 (West 2015) ("Section 24.2-613") which provides that ballots in elections for "federal, statewide, and General Assembly offices only" can include a political party affiliation alongside a candidate's name.[3] Plaintiffs asks this Court to declare Section 24.2-613 unconstitutional because it violates their right to the freedom of association in order to advance shared political beliefs under the First and Fourteenth Amendments of the United States Constitution, and because it denies them their equal protection rights under the Fourteenth Amendment. (Compl. ¶¶ 11–16 (freedom of association claim), 17–22 (equal protection claim), ECF No. 1.)

Given the upcoming election deadline of November 3, 2015, the Court anticipates the need to consolidate, pursuant to Fed. R. Civ. P. 65(a)(2),[4] a hearing on the Motion with the trial on the merits of the Complaint. The Court therefore SCHEDULES a status conference for Monday, August 24, 2015, at 2:00 p.m. in Courtroom 6100 to address procedural matters.

During the status conference, counsel shall be prepared to address the following matters. So that the Court may expeditiously hear Plaintiffs' Motion, the parties must be prepared, with factual and legal rationale, to address the following issues during the August 24, 2015 hearing:

1. The parties must speak to the scope of the injunction sought. Specifically, the Court orders Plaintiffs to state whether they seek a state-wide injunction;[5]

---

[3] Section 24.2-613 states in relevant part: "For elections for federal, statewide, and General Assembly offices only, each candidate who has been nominated by a political party or in a primary election shall be identified by the name of his political party. Independent candidates shall be identified by the term 'Independent.'" § 24.2-613.

[4] "**(2) Consolidating the Hearing with the Trial on the Merits.** Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2).

[5] Plaintiffs' Complaint states they challenge Section 24.3-613 "both on its face and as applied." (Compl. ¶ 1.)

2

2. All parties shall be prepared to address, with specificity, what evidence would be required to conduct a hearing that would enable the Court to make findings consistent with the dictates of Fed. R. Civ. P. 65(d)(1);[6]

3. All parties shall be prepared to address, with specificity, a process to identify all parties potentially bound by the proposed injunction, including the information necessary to make findings consistent with the dictates of Fed. R. Civ. P. 65(d)(2);[7]

4. All parties shall be prepared to address, with specificity, whether any additional procedural action must occur under 28 U.S.C. § 2403(b);[8]

5. All parties shall be prepared to address, with specificity, the need for any discovery prior to a hearing, including offering a proposed schedule for that discovery; and,

6. All parties shall be prepared to address a sustainable schedule for full consideration of this matter, taking into account the November 3, 2015 General Election.

---

[6] "**(1) Contents.** Every order granting an injunction and every restraining order must: **(A)** state the reasons why it issued; **(B)** state its terms specifically; and[,] **(C)** describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(A)–(C).

[7] "**(2) Persons Bound.** [An injunction] binds only the following who receive actual notice of it by personal service or otherwise: **(A)** the parties; **(B)** the parties' officers, agents, servants, employees, and attorneys; and[,] **(C)** other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2)(A)–(C).

[8] Section 2403(b) provides the following:

In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b).

Let the Clerk send a copy of this Order to all counsel of record, James Alcorn, 700 North 4th Street, Richmond, Virginia 23219, Clara Belle Wheeler, 1754 Stony Point Road, Charlottesville, Virginia 22911, Singleton McAllister, 750 17th Street, N.W., Suite 900, Washington, D.C. 20006, Edgar Cortes, 1100 Bank Street, First Floor, Richmond, Virginia 23219, and Kristina P. Stoney, Senior Assistant Attorney General of Virginia, 900 East Main Street, Richmond, Virginia 23219.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: August 19, 2015