IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT G. MARCELLUS et al.,

        Plaintiffs,

v.                                                  Civil Action No. 3:15-cv-481

VIRGINIA STATE BOARD OF ELECTIONS et al.,

        Defendants.

## DISCOVERY AND SCHEDULING REPORT

Fed. R. Civ. P. 26(f)(2) makes counsel "jointly responsible for arranging the [initial discovery] conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." The following is the report of counsel for the Commonwealth (Defendants the Virginia State Board of Elections and each of its members – James B. Alcorn, Clara Belle Wheeler, and Singleton McAllister, in their official capacities as Chairman, Vice-Chairman, and Secretary, respectively).

Counsel of record met in person on September 16, 2015 for a conference pursuant to Fed. R. Civ. P. 26(f) and regarding how to proceed with resolution of this case. Although there were no disagreements at that initial conference, Plaintiffs' counsel subsequently has stated that he is unwilling to file a joint Rule 26(f)(3) discovery plan until after the parties make initial Rule 26(a)(1) disclosures. Counsel of record have agreed that initial disclosures will occur on or before October 8, 2015.

The following summarizes points that counsel have discussed. Counsel for the Commonwealth does not believe there is any disagreement on these points and hopes that it will

1

be possible to file a joint Rule 26(f)(3) discovery plan confirming all of them shortly after initial disclosures are made.

1.  As detailed in the parties' preliminary injunctive briefing, this case centers on a question of law: Do the First Amendment and the Equal Protection Clause of the United States Constitution compel the Commonwealth to print a party affiliation message on the election ballot for candidates for local office, given that the ballot identifies the party of candidates for federal, statewide, and General Assembly offices, as provided in Va. Code § 24.2-613?

2.  There is no need for expert testimony, and disputed facts are unlikely. (The parties will argue about the relevance and legal significance of facts submitted.) Accordingly, this case can be resolved appropriately and most efficiently through cross motions for summary judgment.

3.  As noted above, initial disclosures will occur on or before Thursday, October 8, 2015. The Commonwealth's disclosure will include all information required by Rule 26(a)(1)(A)(i) & (ii) with respect to the witnesses and related documents that the Commonwealth will use in support of its motion for summary judgment (*i.e.*, names, addresses & phone numbers, and subjects of information for declarants, as well as copies of the very few documents that such declarations may introduce).[1] Provided that any additional disclosure also is mutual, the Commonwealth expects that it would be able to provide Plaintiff's counsel with full copies of declarations substantially in advance of the filing of a motion for summary judgment.

4.  The Commonwealth will make a good faith effort to reach further stipulations of fact with Plaintiffs' counsel by Thursday, October 15, 2015, which will be filed if successfully completed. The Commonwealth expects such further stipulations to cover the population of

---

[1] Fed. R. Civ. P. 26(a)(1)(A)(iii) & (iv) do not apply in this case, so there is no such information to disclose.

Virginia and the number of federal employees in Virginia and would not expect to object to including any other basic information that is not subject to reasonable dispute.

5. There are very few facts or documents that are relevant to the further resolution of this case. It may well have been possible to resolve the case on a motion to dismiss, but counsel for the Commonwealth felt it would be less complicated and more efficient to forego such a motion and resolve the case on cross motions for summary judgment, supported by such materials as each side believes is relevant. Accordingly, discovery is unnecessary. If disclosures result in any questions, counsel should be able to address them informally. (Counsel for the Commonwealth has already described to Plaintiff's counsel the nature of the limited evidence that the Commonwealth intends to submit with its summary judgment motion, and, as indicated above, the Commonwealth is happy to provide full disclosure of supporting materials in advance of filing its motion for summary judgment so long as disclosures continue to be mutual.) At present, counsel for the Commonwealth does not believe that there is a need for orders making changes in the limitations on discovery imposed by the Rules or for other orders under Rule 26(c) or Rule 16(b) or (c). There should be no issues regarding electronically stored information, preservation of information, or privilege or protection as trial-preparation materials.

6. There is no realistic possibility of settlement. This case is a constitutional challenge to unambiguous language in a Virginia statute, which Defendants lack authority to alter or disregard.

7. The Commonwealth hopes that the following proposed schedule for cross motions for summary judgment, which has been discussed with Plaintiffs' counsel, will prove acceptable to Plaintiffs and the Court:

    a. each side's motion for summary judgment and supporting memorandum will be filed on or about Monday, November 9, 2015;

    b. each side's brief in response to the other side's motion for summary judgment will be filed on or about Monday, November 23, 2015;

    c. each side's rebuttal brief in further support of its motion for summary judgment will be filed on or about Wednesday, December 2, 2015; and

    d. argument on the motions for summary judgment will be heard during the week of December 14-18, 2015, or as soon thereafter as is workable for all.

    Respectfully submitted,

    VIRGINIA STATE BOARD OF ELECTIONS
    JAMES B. ALCORN
    CLARA BELLE WHEELER
    SINGLETON MCALLISTER

    By:    /s/ - Joshua D. Heslinga
             Counsel

Mark Herring
Attorney General of Virginia

Cynthia E. Hudson
Chief Deputy Attorney General

John W. Daniel II
Deputy Attorney General, Commerce, Environment and Technology Division

Heather Hays Lockerman
Senior Assistant Attorney General, Chief, Financial Law & Government Support Section

Joshua D. Heslinga (VSB # 73036)
Assistant Attorney General
jheslinga@oag.state.va.us

Anna T. Birkenheier (VSB # 86035)
Assistant Attorney General
abirkenheier@oag.state.va.us

*Attorneys for the Virginia State Board of Elections and its members in their official capacities*

OFFICE OF THE ATTORNEY GENERAL
900 E. Main Street
Richmond, Virginia 23219
(804) 786-3847
fax: (804) 692-1647

## CERTIFICATE OF SERVICE

I certify that, on September 30, 2015, I am electronically filing the foregoing with the Clerk of Court using the CM/ECF system, which will serve such filing on counsel of record:

>Patrick M. McSweeney
>McSWEENEY, CYNKAR & KACHOUROFF, PLLC
>3358 John Tree Hill Road
>Powhatan, Virginia 23139
>TeL (804) 937-0895
>patrick@mck-lawyers.com
>   *Counsel for Plaintiffs*

>              /s/
>Joshua D. Heslinga (VSB # 73036)
>*Attorney for the Virginia State Board of Elections and its members in their official capacities*
>Office of the Attorney General
>900 E. Main Street
>Richmond, Virginia 23219
>(804) 786-3847
>fax: (804) 692-1647
>jheslinga@oag.state.va.us