IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**ROBERT G. MARCELLUS et al.,**

**Plaintiffs,**

**v.**                                                    **Civil Action No. 3:15-cv-481**

**VIRGINIA STATE BOARD OF
        ELECTIONS et al.,**

**Defendants.**

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This case presents two legal questions. Does Va. Code § 24.2-613, which singles

out local candidates by denying them the benefit granted to other candidates of a party

identifier next to their names on the ballot, violate the Plaintiffs right of association

guaranteed by the First and Fourteenth Amendments? (text attached as Addendum A)

Does that statute violate the Equal Protection Clause? (text attached as Addendum B)

attached. The particular provision of Va. Code § 24.2-613 that is at issue in this case

states:

> For elections for federal, statewide, and General Assembly office only,
> each candidate who has been nominated by a political party or in a primary
> election shall be identified by the name of his political party. Independent
> candidates shall be identified by the term "Independent."

(full text of statute attached as Addendum C). As there is no dispute over any material

fact, the Court may decide these questions on cross-motions for summary judgment.

## STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Civil Rule 56(B), Plaintiffs state the following material facts about which there is no genuine dispute:

1.   The individual Plaintiffs were nominees of a political party for election as members of the Powhatan County Board of Supervisors at the November 3, 2015, general election. Joint Stipulations of Fact (Docket No. 17)  ¶¶ I, 2 and 3; Exs. 1, 2, 3 and 4 (Declarations of the individual Plaintiffs);

2.   The Plaintiff Powhatan County Republic Committee is a unit of the Republican Party of Virginia (RPV) operating in accordance with the RPV Plan of Organization. Complaint (Docket No. 1) ¶ 4; Declaration of Robert G. Marcellus (Docket No. 7) ¶ 4; Answer (Docket No. 23) ¶ 4.

3.   Each of the individual Plaintiffs intends to run for local office in the future as the nominee of a political party. Exs. 1, 2, 3 and 4

4.   A party identifier was not displayed on the November 3, 2015, general election ballot next to the names of the individual Plaintiffs. Ex. 5

5.   The general election ballot in Virginia in odd-numbered years contains the names of candidates for the General Assembly with a party identifier next to the name of each General Assembly nominee and the names of local candidates without a party identifier next to their names. Ex. 5

## FACTUAL BACKGROUND

The Plaintiffs were candidates for election to the Powhatan County Board of Supervisors at the November 3, 2015, general election. Each had been nominated by the Republican Party. They did not have the name or symbol of their political party on the

ballot at that election as a consequence of the challenged statute. Each of the individual

Plaintiffs intends to run again for local elected office as his party's nominee.

The Defendants are the Virginia State Board of Elections and its three individual

members who are responsible for enforcing the statute being challenged.

## STANDARD OF REVIEW

A party is entitled to summary judgment when that party demonstrates that there

is "no genuine dispute as to any material fact" such that the moving party "is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties have stipulated that there

is no material fact in dispute and that this case can be decided on cross-motions for

summary judgment. The Court will be in a position to resolve all outstanding issues as

matters of law.

## SUMMARY OF ARGUMENT

The Plaintiffs assert two related claims. First, the Virginia statute challenged in

this action, Va. Code § 24.2-613, violates their associational rights protected by the First

and Fourteenth Amendments. Second, that statute denies them the equal protection of the

laws. The particular provision of that statute at issue grants the benefit on the general

election ballot of party identification or identification of non-affiliation with a political

party to federal, statewide, General Assembly and Independent candidates, but denies that

benefit to a single class of candidates – local, party-nominated candidates – which class

includes the Plaintiffs. The challenged provision is unconstitutional on its face.

Candidates for public office are entitled to associate with the political party that

has nominated them. Similarly, political parties have the right to associate with their

nominees. That right is subject to state regulation, which must be reasonable and

nondiscriminatory. The challenged provision denies the benefit of that political association to the Plaintiffs' class while granting that benefit to all other candidates. Under the balancing test that applies to election law cases involving assertions of a violation of associational rights, the statute's discriminatory treatment of the Plaintiffs' class violates the First and Fourteenth Amendments.

The challenged statute also violates the Equal Protection Clause by establishing a classification of local candidates who receive disparate treatment when compared to other classifications established by the statute. Under the traditional equal protection test, that disparate treatment is without rational basis because the interests put forward by the Commonwealth as justification for the establishment of the Plaintiffs' classification and the discriminatory treatment of that class are in no way advanced by the classification.

The challenged statutory provision violates the right of association and the right to equal protection of the laws in all of its applications. The Court should declare that the provision is unconstitutional on its face and as applied to the Plaintiffs.

## <u>ARGUMENT</u>

Va. Code § 24.2-613 establishes five classifications:

(1) Candidates nominated by a political party seeking a federal office;

(2) Candidates nominated by a political party seeking a statewide office;

(3) Candidates nominated by a party seeking a General Assembly office;

(4) Independent candidates who have not been nominated by a political party; and

(5) Candidates for local offices who have been nominated by a political party.

Those candidates who are included in the first four classifications above are granted the benefit of the identification on the ballot of their relationship or lack of relationship with a political party. Only those candidates in the fifth classification, including the Plaintiffs, are denied that benefit. This discriminatory treatment of the candidates in the fifth classification violates both their right of association guaranteed by the First and Fourteenth Amendments and their right to equal protection guaranteed by the Fourteenth Amendment.

The Plaintiffs do not claim that they are absolutely entitled to have party identification on the ballot next to their names. Their claim in each of their two counts is predicated on the discriminatory treatment they receive as a consequence of Va. Code § 24.2-613, which discriminatory treatment violates both their associational rights and their right to equal treatment.

The challenged provision of Va. Code § 24.2-613 is unconstitutional in all of its application and is invalid on its face and as applied to the Plaintiffs. *See Washington St. Grange v. Washington St. Republican Party,* 552 U.S. 442, 449 (2008).

## I.  THE CHALLENGED STATUTE'S DISCRIMINATORY TREATMENT OF LOCAL, PARTY-NOMINATED CANDIDATES VIOLATES THE PLAINTIFFS' ASSOCIATIONAL RIGHTS.

The individual Plaintiffs are guaranteed the freedom to associate with the Plaintiff Powhatan County Republican Committee for political purposes by the First and Fourteenth Amendments. *See Kusper v. Pontikes,* 414 U.S. 51, 56-57 (1973); *Williams v. Rhodes,* 353 U.S. 23, 30-31 (1968). The Plaintiff Powhatan County Republican Committee has a corresponding right to associate with its nominees. *See Eu v. San Francisco County Democratic Central Comm.,* 489 U.S. 214, 224 (1989). The Supreme

Court has repeatedly observed that any regulation of the right of association must be nondiscriminatory. *E.g., Burdick v. Takushi,* 504 U.S. 418, 434 (1992); *Anderson v. Celebrezze,* 460 U.S. 780, 788  (1983); *Williams v. Rhodes,* 393 U.S. 23, 30 (1968). *See Clingman v. Beaver,* 544 U.S. 581, 586-87 (2005)("A State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions"). In granting the benefit of a party identifier on the ballot to all candidates other than local, party-nominated candidates, Va. Code § 24.2-613 is clearly discriminatory. The Court must determine whether that disparate treatment is justified.

In election cases implicating the right of free speech or association, the appropriate test is inquiry prescribed in *Anderson v. Celebrezze,* 460 U.S. at 789. That test differs from the rational basis test applied in traditional equal protection cases. *Obama for America v. Husted,* 697 F.3d 423, 430 (6th Cir. 2012). Although the Supreme Court in *Anderson* imported the analysis applied in equal protection cases , 460 U.S. at 786 n. 7, there remains a significant difference between the two tests. The *Anderson* test does not permit the government, in cases implicating free speech or associational rights, to supplant the precise interests that it has put forward as justification for disparate treatment with speculation. *See id. at 789; Edenfield v. Fane,* 507 US. 761, 768 (1993). The traditional rational basis test, on the other hand,  allows disparate treatment to be upheld if there is any reasonably conceivable basis to support it. *Bd. of Trustees v. Garrett,* 531 U.S. 356, 367 (2001).

Under the *Anderson* balancing test, the character and magnitude of the asserted injury to the Plaintiffs' associational rights that they seek to vindicate are weighed against the precise interests put forward by the Commonwealth as justification for the burden

imposed by the statute, taking into consideration the extent to which those interests make it necessary to burden the Plaintiffs' rights. 460 U.S. at 789*; see McLaughlin v. N.C. Bd. of Elections,* 850 F.Supp. 373, 381 (M.D.N.C. 1994) )(citing *Burdick*, 504 U.S. at 434; *Tashjian v. Republican Party of Connecticut,* 479 U.S. 208, 213-14 (1986); and *Anderson,* 460 U.S. at 789), *aff'd*, 65 F.3d 1215 (4th Cir. 1995).

## A.   The character and magnitude of the Plaintiffs' injury

The injury to the Plaintiffs' associational rights in this case is the denial of a benefit that is granted to other candidates in the form of a party identifier on the general election ballot.  That statutory benefit to federal, statewide, General Assembly and Independent candidates gives them a valuable "voter cue" or "partisan cue" in elections. *LaRogue v. Holder,* 650 F.3d 777, 782 (D.C. Cir. 2011); *Schrader v. Blackwell,* 241 F.3d 783, 788 (6th Cir. 2001). There is a burden on the associational rights of a political party and its nominees when a statutory restriction prohibits the placement of a party identifier on the ballot next to each nominee's name. *See Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 359 (1997). But that burden is not severe and, therefore, does not require the application of the strict scrutiny test. *Id.* The appropriate test to be applied to the Plaintiffs' associational rights claim, as noted above, is the balancing test established by *Anderson v. Celebrezze. See Dixon v. Md. St. Admin. Bd. of Election Laws,* 878 F.2d 776, 780 (4th Cir. 1989)

The Supreme Court has observed that a party identifier on the ballot serves an important function:

> To the extent that party labels provide a shorthand designation of the views of party candidates on matters of public concern, the identification of candidates with particular parties plays a role in the process by which voters inform themselves for the exercise of the franchise.

*Tashjian,* 479 U.S. at 220. The Supreme Court has also described a voter's response to the ballot as "the climactic moment of choice." *Anderson v. Martin,* 375 U.S. 399, 402 (1964). The ballot is "the last thing the voter sees before he makes his choice." *Washington St. Grange,* 552 U.S. at 466 (Scalia, J., dissenting)(quoting *Cook v. Gralike,* 532 U.S. 510, 532 (2001)(Rehnquist, C.J., concurring in judgment)) . Party affiliation can have the same, if not more, importance than the identity of the candidate. *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 583 (6th Cir. 2006). The Sixth Circuit has said that "the absence of a label for a candidate gives rise to mistrust and negative inferences. *Rosen v. Brown,* 970 F.2d 159, 172 (1992). This would be particularly so in the circumstances where a party identifier will appear next to the names of all party-nominated candidates other than local, party-nominated candidates and the symbol "I" will appear after the names of Independent candidates on the same ballot. Ex. 5 attached (Nov. 3, 2015, ballot for Powhatan District No. 2 from State Board of Elections website).

Contrary to the Defendants' suggestion (Defs' Mem. in Opp. to Mot. for Preliminary Injunction (August 28, 2015, Docket No. 12) at 13-14)(cited hereinafter as "Defs' Mem.in Opp."), the Plaintiffs do not contend that they are entitled as a matter of right by the First and Fourteenth Amendments to have a party identifier next to their names on the ballot. Their claim is that the challenged provision of Va. Code § 24.2-613 establishes a classification that is a discriminatory restriction of their associational rights.

> Once a State admits a particular subject to the ballot and commences to manipulate the content or to legislate what shall and shall not appear, it must take into account the provisions of the Federal and State Constitutions regarding freedom of speech and association, together with the provisions assuring equal protection of the laws.

*Rosen,* 970 F.2d at 175. By enacting Va. Code § 24.2-613, the Virginia General Assembly has granted to its members, as well as federal, statewide and Independent candidates, a benefit of the identification of party affiliation or non-affiliation on the ballot that it has declined to grant to the Plaintiffs and other local, party-nominated candidates. *Cf Clingman,* 544 U.S. at 603(O'Connor, J., concurring) (a political party in power has the incentive to shape rules of the electoral process to its benefit); *Miller v. Cunningham,* 512 F.3d 98, 101 (4th Cir. 2007)(Wilkinson, J., dissenting from denial of rehearing en banc)("[I]f there is going to be election law, it will be written and enacted by incumbents.").

Because some candidates on the same ballot enjoy the benefit of a party identifier next to their names while local party nominees do not, the Plaintiffs' class of local, party nominated candidates experiences a burden greater than would be experienced if the statute prohibited party identifiers for all candidates. That disparity in treatment gives rise to questions about the party affiliation of local candidates. *Rosen,* 970 F.2d at 172. The extent of the burden can be determined by considering its very nature. *See Anderson,* 460 U.S. at 793; *Storer v. Brown,* 415 U.S. 724, 738-39 (1974).

### B.  The precise interests put forward as justification for the discrimination

Only the interests "precisely put forward" by the Commonwealth in support of its discriminatory treatment may be used as the basis for justifying such discrimination. *Anderson,* 460 U.S. at 789. Under the *Anderson* balancing test, the Court must not only determine the legitimacy and strength of the particular interests asserted by the Defendants, but also consider the extent to which the Commonwealth's interests make it necessary to burden the Plaintiffs' rights. *See Illinois St. Bd. of Elections v. Socialist*

*Workers Party,* 440 U.S. 173, 183 (1979); *Schrader v. Blackwell,* 241 F.3d at 787;

*Constitution Party of Kansas v. Biggs,* 813 F.Supp.2d 1274, 1278 (D. Kan. 2011).

The Defendants have asserted the following interests as justification for the

discrimination:

> The Commonwealth's legitimate and reasonable interests in minimizing
> partisanship (especially official sanction of partisanship) in local elections,
> attempting to ensure the broadest possible base of potential officeholders, and
> promoting impartial local government and administration of law, outweigh the
> minimal (if any) burden that the prohibition of party identifiers on the ballot
> imposes on Plaintiffs' constitutional rights.

Defs' Mem.in Opp.at 19. Although stated as three distinct interests, there are essentially

two: the need for impartiality by minimizing partisanship and the interest in broadening

the pool of officeholders. Neither of those asserted interests is advanced by the

discriminatory treatment of local candidates resulting from Va. Code § 24.2-613.

1. <u>The Commonwealth's interest in minimizing partisanship</u>

As to the Commonwealth's asserted interest in minimizing partisanship to assure

impartiality, the issue is not whether a prohibition against party identifiers on the ballot as

a general proposition advances that interest. The focus is on whether *the disparate*

*treatment* advances the Commonwealth's interest. *Bd. of Trustees v. Garrett,* 531 U.S. at

367. The Commonwealth must have a justification *for the discrimination*. The

Defendants cannot rely here on the relationship between the asserted governmental

interest and a prohibition that applies to all candidates, because that is not the situation

presented by the challenged statute. The statute's prohibition on the display of party

identifiers applies only to local candidates. Even if a general prohibition on party

identifiers for all candidates could be justified, the Defendants must demonstrate a

justification for the singling out of the Plaintiffs' class for adverse treatment by pointing

to a reasonable relationship between the disparity in treatment of that class and the purpose of the statute. *Pyler v. Doe,* 457 U.S. 202, 216-17 (1982); *F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415 (1920).

In First Amendment cases, the justification offered to justify the disparity in treatment must be related to a precise governmental interest and not derived from speculation. *See Edenfield v. Fane,* 507 U.S. at 768. The Defendants must point to a legitimate difference between local candidates and all other candidates. The Defendants have contended that there is a need to ensure that local officers administer the law in a fair and impartial way without attempting to show that such a need is confined to local officers. Defs' Mem. in Opp. at 18-19. The Defendants have not pointed to any qualitative difference that would distinguish local candidates from the other classes of candidates. *Ipse dixit* does not meet the test of establishing a legitimate basis for discriminatory treatment. Simply claiming that there is a difference would not make it so.

The difference that will satisfy the requirement for disparate treatment must be qualitative. Governmental benefits may not be granted or denied based on superficial distinctions. *See Craig v. Boren,* 489 U.S. 190, 208-09 (1976)("[T]he principles embodied in the Equal Protection Clause are not to be rendered inapplicable by statistically measured but loose-fitting generalities concerning the drinking tendencies of aggregate groups."). The Supreme Court rejected the reliance by the government in *Craig v. Boren* on a vague and generalized difference between young men and young women as justification for giving the latter a benefit that the statute denied the former. Group characteristics cannot supply a legitimate basis for discriminatory treatment. *Gordon v. Lance,* 403 U.S. 1, 4-5 (1971)(group characteristics related to geographic location,

property ownership, religion, race, wealth, tax status or military status are illegitimate bases for discrimination). There is no intrinsic characteristic in local offices that distinguish them from other offices as they relate to the interests put forward by the Commonwealth. *See Cromer v. South Carolina,* 917 F.2d 819, 824 (4th Cir. 1990) (Superficial equality does not satisfy the requirements of the Equal Protection Clause.).

For purposes of satisfying the need for impartiality or for minimizing partisanship, the various offices in the several classifications established by Va. Code § 24.2-613should be treated the same. The need for impartiality and for avoiding the erosion of public confidence in government is just as pronounced, if not more pronounced, with respect to federal, statewide and General Assembly offices. The convictions of a former Virginia Governor and a sitting state legislator in recent years demonstrate that the need for preventing the erosion of public confidence in elected officials is not limited to local officers. *United States v. Robert F. McDonnell,* No. 15-4019 (4th Cir. July 10, 2015)(Upholding conviction of wire fraud and extortion), *pet. for cert. pending*; *United States v. Phillip A. Hamilton,* 701 F.3d 404 (4th Cir.2012) (upholding conviction of bribery and extortion), *cert. denied*, 133 S.Ct. 1838 (2013). Limiting the prohibition against the placement of party identifiers on the ballot to local candidates is plainly arbitrary in the absence of a showing of a qualitative difference between local and other offices.

The Defendants' argument that some local offices (but not the legislative offices of members of local governing bodies) are quasi-judicial does not set those offices apart as different from some statewide offices. Article VII, § 4 of the Constitution of Virginia creates five local elective offices: treasurer, sheriff, Commonwealth's attorney, clerk of

court and commissioner of revenue. None of those offices is strictly judicial, although the

sheriff and clerk of court have nondiscretionary responsibilities associated with the

judicial process.  *See* II. A. HOWARD, COMMENTARIES ON THE CONSTITUTION OF

VIRGINIA at 669 (1974). Each of the five local constitutional officers are authorized by

statute to assume additional duties as requested by the local governing board.

Significantly, none of these offices has been declared nonpartisan by the General

Assembly. Even if their roles entail quasi-judicial functions, those functions are the same

as the functions of certain statewide officers in Virginia.[1]

      Certain statewide elected officers also exercise quasi-judicial and, in the case of

the Governor, true judicial  powers. By statute, the Governor has the power to initiate

legal proceedings in the name of the Commonwealth. Va. Code § 2.2-111. The Governor

is also empowered to grant pardons, remit penalties and fines, remove political

disabilities and commute capital punishments, which are true judicial powers. VA.

CONST., Art. V, § 12; *see Snyder v. City of Alexandria,* 870 F. Supp. 672, 679-82 & n. 18

(E.D.Va. 1994)(comparing gubernatorial pardons with judicial expungement orders). The

Attorney General of Virginia has limited powers to conduct criminal prosecutions,

similar to the powers given to Commonwealth's Attorneys. Va. Code § 2.2-511. That

office is charged with the responsibility of providing advice and rendering official

---

[1] The tradition of electing local constitutional officers in Virginia is well-established. In the 1920s, an effort to amend the Constitution to eliminate the elective status "because of the need for technical knowledge and skills in the performance of these offices as well as the necessity to free these officers from fear or favor" unsuccessful. Another effort failed during the 1968-70 revision of the Virginia Constitution.  II. A. HOWARD, COMMENTARIES ON THE CONSTITUTION OF VIRGINIA at 827-28 (1974)(quoting BUREAU OF MUNICIPAL RESEARCH, COUNTY GOVERNMENT IN VIRGINIA at 49 (1928)).

advisory opinions to state and local officers, agencies and institutions. Va. Code § 2.2-505. These functions are considered quasi-judicial. HOWARD at 669.

Even if the roles of certain local officers entail quasi-judicial functions, those functions are essentially the same as the functions of certain statewide officers in Virginia. There is no justification for treating candidates for all local offices differently than candidates for statewide offices on the basis that some local offices exercise quasi-judicial functions.

The fact that the class of local candidates and the other classes of candidates established by Va. Code § 24.2-613 seek different offices does not in itself provide a legitimate basis for differentiating one class from another, as the Defendants have suggested. Defs' Mem. in Opp. at 15. The nominal difference in offices sought is also not rationally related to any governmental interest put forward by the Commonwealth, as is required under the *Anderson* test. S*ee Edenfield,* 507 U.S. at 768. The case cited by the Defendants for the proposition that a mere difference in offices sought justifies different treatment (Defs' Mem. in Opp. at 15), *Ohio Council 8 American Fed. Of State, County and Municipal Employees, AFL-CIO v. Brunner,* 24 F.Supp.3d 680 (S.D. Ohio 2014), *appeal pending,* No. 14-3678 (6th Cir., argued April 30, 2015), does not stand for that proposition. That case involved an election regulation imposed on candidates for judicial offices, unlike this case. The difference between a judicial office and a political office is not merely nominal; it is qualitative. The Defendants have acknowledged that judicial offices may be treated differently than legislative and executive offices. Defs' Mem. in Opp. at 19. That proposition was very recently reaffirmed in *Williams-Yulee v. Fla. Bar,* 135 S. Ct. 1656, 1667 (2015)("States may regulate judicial elections differently than they

regulate political elections, because the role of judges differs from that of politicians."). The disparate treatment of judicial candidates in *Ohio Council* was justified on the legitimate basis that the judicial office is qualitatively different form that of legislative and executive, while the disparate treatment of the class of local candidates by Va. Code § 24.2-613 is not similarly justified. The Defendants cannot point to any qualitative difference between local candidates and other candidates for purposes of the interests that the Commonwealth has put forward. The disparate treatment of local candidates by the challenged statute does not advance the interests put forward by the Commonwealth to justify that disparate treatment. *Anderson,* 460 U.S. at 798-99.

  2.   The Commonwealth's interest in broadening the pool of officeholders

The Defendants have asserted as their second justification for the challenged provision of Va. Code § 24.2-613 that the General Assembly has an interest in increasing the opportunities for federal employees to run for public office, thereby broadening the pool of potential officeholders. Defs' Mem. in Opp. at 19. That provision, however, has absolutely no effect on the restrictions imposed by the federal Hatch Act that prohibit the participation of federal employees in elections.

The Hatch Act, 5 U.S.C. §§ 7321-7326 *et seq.*, was enacted in 1939 and has been amended on several occasions since. It prohibits federal employees, with certain exceptions, from running for a "partisan political office." 5 U.S.C. § 7332(a)(3). "Partisan political office" is defined as "any office for which any candidate is nominated or elected as representing a party any of whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were elected, but exclude any

office or position within a political party or affiliated organization…." 5 U.S.C.

§ 7322(2).

The discriminatory treatment of local candidates does not advance the Commonwealth's asserted interest in broadening the pool of potential officeholders in any way. The prohibition in Va. Code § 24.2-613 that a party identifier may not be displayed on the ballot next to the name of any local, party-nominated candidate does not increase the opportunities for any federal employee to run for a partisan political office. Under the Hatch Act's provisions, it is not the party identifier that determines whether an election is partisan; it is the fact that at least one candidate for the office has been nominated by a party. If there is no party nominee in the race, there is obviously no need for a party identifier on the ballot for that office. An invalidation of the challenged provision of Va. Code § 24.2-613, consequently, would have no effect on any federal employee's ability to seek a partisan political office.

There is an exception to the general prohibition in the Hatch Act against federal employees running for partisan political office. A 1993 amendment to the Act authorized the Office of Personnel Management (OPM) to designate localities in Virginia in the vicinity of the District of Columbia and where federal employees may run as Independent candidates for local partisan political offices. 5 U.S.C. § 7325(1)(B); 107 Stat. 1001. OPM has designated several Virginia localities for that purpose. 5 CFR § 733.102(d). This provides yet another reason why the challenged provision of Va. Code § 24.2-613 has no effect on a federal employees' ability to run for partisan political office in the Commonwealth.

The Defendants' reliance on *U.S. Civil Service Comm'n v. Nat'l Ass'n of Letter Carriers, AFL-CIO,* 413 U.S. 548 (1973) is to no avail. That case did not involve the prohibition on federal employees running for partisan office, 5 U.S.C. § 7323(2), but turned on an entirely unrelated provision. 5 U.S.C. § 7324(a)(2), which prohibits active participation by federal employees in political campaigns. It is noteworthy that the prohibitions established by the Hatch Act apply to *all* partisan offices, not just to local offices. The Defendants cite *Letter Carriers* for the proposition that "Virginia has a important interest in ensuring that local officers do not present even an appearance of 'practicing political justice,' to avoid the erosion of confidence in local governments." Defs' Mem. in Opp. at 18. That spliced attribution to the *Letter Carriers* Court is misleading. The opinion contains no discussion of the difference between local officers and others, but noted the need for preventing the erosion of public confidence at all levels of government.

The Commonwealth's interest in increasing the legal opportunities for federal employees to run for public office is in no way advanced by Va. Code § 24.2-613. The only way in which the General Assembly can increase those opportunities is to legislate that particular offices are to be nonpartisan. The General Assembly has enacted special legislation making certain offices nonpartisan, but it has not done so for members of the governing boards of counties. The individual Plaintiffs, therefore, are not candidates for nonpartisan offices.

The Commonwealth's interest in increasing the legal opportunities for federal employees to run for public office is in no way advanced by Va. Code § 24.2-613. The

only way in which the General Assembly can increase those opportunities is to legislate that particular offices are to be nonpartisan. The General Assembly has enacted special legislation making certain offices nonpartisan, but it has not done so for members of the governing boards of counties. The individual Plaintiffs, therefore, are not candidates for nonpartisan offices.

### C. Balancing the Plaintiffs' injury against the interests of the Commonwealth clearly tilts in favor of the Plaintiffs.

Under the *Anderson* balancing test, the Court must not only determine the legitimacy and strength of the particular interest asserted by the Defendants, but also consider the extent to which the Co0mmonwealth's interests make it necessary to burden the Plaintiffs' rights. *See Illinois St. Bd. of Elections v. Socialist Workers Party,* 440 U.S. 173, 183 (1979); *Schrader v. Blackwell,* 241 F.3d at 787; *Constitution Party of Kansas v. Biggs,* 813 F.Supp.2d 1274, 1278 (D. Kan. 2011).

Because the interests put forward by the Defendants are not reasonably related to, and are not advanced by, the disparate treatment of local, party-nominated candidates, there is no balancing to be done. There is no legitimate basis, and certainly no necessity, for the discrimination created by Va. Code § 24.2-613.

### II.   THE CHALLENGED STATUTE DENIES THE PLAINTIFFS EQUAL PROTECTION

In determining whether a state statute violates the Equal Protection Clause, the Court must consider the facts and circumstances behind the statute, the interests that the Commonwealth claims to be advancing, and the interests of those who are disadvantaged by the statute. *Williams v. Rhodes,* 353 U.S. at 31. The foregoing analysis in Section I of the Argument regarding the Plaintiffs' claim of a violation of their associational rights

under the *Anderson* balancing test has been held to apply to claims of denial of equal protection where there is an associational rights component. *Obama for America,* 697 F.3d at 430; *Constitution Party of Kansas v. Biggs,* 813 F.Supp.2d at 1277; *Green Party of N.Y. v. Weiner,* 216 F.Supp.2d 176, 189 (S.D.N.Y. 2002); *see Crawford v. Marion County Election Bd.,* 553 U.S.181, 189-91 (2008). According to those decisions, the conclusion that the challenged statute's discriminatory treatment of local, party-nominated candidates was unjustified under the First and Fourteenth Amendments disposes of the Plaintiffs' equal protection claim. A significant difference between the two tests is that, under the *Anderson* test, the reviewing court may consider only the precise interests put forward by the government in support of its disparate treatment of a plaintiff in determining whether the disparity is justified. 460 U.S. at 789. In this case, the Plaintiffs have shown, under the traditional rational basis test, that there is no reasonably conceivable basis for the disparate treatment of local candidates who have been nominated by a political party, but are denied the benefit granted to all other similarly situated candidates to have a party identifier next to their names on the ballot. *See Bd. of Trustees v. Garrett,* 531 U.S. at 367.

Assuming, *arguendo,* that the *Anderson* balancing test does not apply to the Plaintiffs' equal protection claim, the Court should reach the same conclusion under the traditional equal protection test articulated in *Bd. of Trustees v. Garrett,* 531 U.S. at 367; *U.S. Dep't of Agriculture v. Moreno,*413 U.S. 528, 533 (1973)("Under traditional equal protection analysis, a legislative classification must be sustained if the classification itself is rationally related to a legitimate governmental interest."); *McDonald v .Bd. of Election Comm'rs,* 394 U.S. 802, 807-09 (1969). As shown in Section I, above, the

Commonwealth's interest in minimizing partisanship and expanding the ability of federal employees to run for elected office is not advanced in any way by the disparate treatment of local, party-nominated candidates.

### III.   VA. CODE § 24.2-613 IS UNCONSTITUTIONAL ON ITS FACE.

The Plaintiffs have shown as a matter of law that Va. Code § 24.2-613 discriminates against local candidates without a legitimate basis. Neither of the interests put forward by the Defendants is advanced by that discrimination. The Court cannot consider an interest other than those put forward by the Defendants to justify the discrimination against local candidates. *Anderson*, 460 U.S. at 789. No factfinding is required to determine the statute's effect. The challenged statute denies the class of local candidates a substantial benefit that it grants to all other candidates. The specific provision of the statute that the Plaintiffs seek to invalidate violates their right of association and their right to equal protection on its face and in all of its applications. *See United States v. Salerno,* 481 U.S.739, 745 (1987). And unlike *Washington St. Grange,* this case does not involve a successful ballot measure that has not yet been implemented by statute. 552 U.S. at 456-58. The statute in question here has been in place long enough to fully appreciate its effects and applications.

### CONCLUSION

The Court should grant the Plaintiffs' cross-motion for summary judgment, deny the Defendants' cross-motion for summary judgment and enter judgment for the Plaintiffs and against the Defendants on all claims that Va. Code § 24.2-613 is unconstitutional and invalid as a violation of the right of association guaranteed by the First and Fourteenth Amendments and the right to equal protection guaranteed by the

Equal Protection Clause, with costs awarded to the Plaintiffs, including an award of attorneys' fees and expenses to the Plaintiffs pursuant to 42 U.S. § 1988.

Dated:  October 6, 2015

Respectfully submitted,

/s/

_
Patrick M. McSweeney (VSB 5669)
McSWEENEY, CYNKAR &
          KACHOUROFF, PLLC
3358 John Tree Hill Road
Powhatan, VA 23139
Tel. (804) 937-0895
 *patrick@mck-lawyers.com*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 9, 2015, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system, which will serve that document on counsel of record.

/s/

Patrick M. McSweeney