IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT G. MARCELLUS et al.,

      Plaintiffs,

v.                                                      Civil Action No. 3:15-cv-481

VIRGINIA STATE BOARD OF ELECTIONS et al.,

      Defendants.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

      The Plaintiffs submit the following in opposition to the Defendants' Motion for Summary Judgment (Docket No. 29) and in response to the Defendants' Memorandum in Support of Motion for Summary Judgment (Docket No. 30).

## INTRODUCTION

      The Defendants clutter the discussion of whether Va. Code § 24.2-613 violates the Plaintiffs' right of association and their right to equal protection with arguments that have nothing to do with the claims asserted here or with the analysis required by *Anderson v. Celebrezze,* 460 U.S. 780 (1983) in constitutional challenges to election laws. The challenged statute here is a regulation of the election process that must survive the *Anderson* balancing test or, at a minimum, the traditional rational basis test applied in equal protection cases. The Defendants attempt to avoid those tests by mischaracterizing the Plaintiffs' claims, ignoring apposite Supreme Court decisions and suggesting that public forum analysis is more appropriate for the Court to apply than the *Anderson* test.

1

Contrary to the Defendants' repeated assertions, the Plaintiffs have never asserted that they are absolutely entitled to have a party identifier next to their names on the ballot. They have claimed that the challenged statute discriminates against them in violation of their right of association and their right to equal protection of the laws by denying them the benefit of a party identifier that is granted to all other party-nominated candidates. The central issue to be decided in this case is whether there is a legitimate basis for the discriminatory treatment of the Plaintiffs and all local party nominees. The Commonwealth has put forward two interests that the Defendants argue justify the discriminatory treatment: minimizing partisanship and broadening the pool of potential officeholders. By their nature, those general interests, which apply to all candidates, will not justify singling out local candidates for disparate treatment. Neither of the asserted interests is advanced by discriminating against local candidates while allowing all other candidates to have the benefit of a party identifier.

The Defendants have failed to point to any intrinsic or qualitative difference between local candidates and other candidates. Further, the mere fact that local candidates do not compete head to head in the electoral process against any of the other candidates referenced in Va. Code § 24.2-613 is no justification for denying local candidates a governmental benefit that is granted to all other candidates.

Under either the *Anderson* balancing test or the traditional rational basis test, the Court must conclude that Va. Code § 24.2-613, on its face and as applied to the Plaintiffs, violates the right of association guaranteed by the First and Fourteenth Amendments and the Equal Protection Clause.

## I. THE CHALLENGED STATUTE VIOLATES THE RIGHT OF ASSOCIATION.

The Plaintiffs argued in their opening memorandum (Docket No. 32) that a provision of Va. Code § 24.2-613, which grants federal, statewide and General Assembly candidates the benefit of a party identifier on the ballot but denies the same benefit to local party-nominated candidates, discriminates against the Plaintiffs and other local nominees without justification in violation of the right of association guaranteed by the First and Fourteenth Amendments. The Plaintiffs now will answer the contentions of the Defendants to the contrary.

### A. The Plaintiffs assert claims of discrimination, not claims of entitlement.

Despite the explicit language of the Complaint (Docket No. 1, ¶¶ 14, 15, 18, 19, 20, 21 & 22) and the Plaintiffs' repeated reminder that they claim unconstitutional discrimination and not an absolute entitlement to a party identifier on the ballot (*e.g.,* quotation from transcript of September 3, 2015, hearing set out in Docket No. 30 at 11), the Defendants continue to argue that this case involves a claim of entitlement to a party identifier, devoting several pages of their memorandum to a discussion that has nothing to do with the claims actually asserted. Docket No. 30 at 1, 8-11 & 13. *See Pyler v. Doe,* 457 U.S. 202, 216-217 (1982)(distinguishing a claim of discrimination from a claim of entitlement). Each count asserts a discrimination claim and only a discrimination claim.

### B. The challenged statute burdens associational rights.

The Defendants also argue (Docket No. 30 at 14-15) that the challenged statute does not impose a severe burden on associational rights, which the Plaintiffs have never claimed. The Plaintiffs contend that they suffer a lesser burden. Docket No. 32 at 7. The Defendants' argument ignores the Supreme Court's conclusion in *Timmons v. Twin Cities Area New Party,* 520 U.S. 351(1997) that while a prohibition against placing a party identifier on the ballot does not

3

constitute a severe burden on associational rights, it nevertheless imposes a lesser burden that requires the application of the *Anderson* balancing test. *Id.* at 358-359. *Accord, Washington St. Grange v. Washington St. Republican Party,* 552 U.S. 442, 452 (2008).

The injury to the Plaintiffs and all local party nominees is the selective denial of the Commonwealth's official designation on the ballot of their party affiliation. This discriminatory treatment clearly burdens their constitutional right of association. *See Anderson,* 460 U.S. at 793-794. The Defendants emphasize the "official" character of what is displayed -- or not displayed -- on the ballot. Docket No. 30 at 17-18 & 20. It is the very nature of this official recognition on the ballot by the Commonwealth that cannot be equated with the unofficial campaign tactics of a political party and its candidates to inform voters of the party affiliation of the candidates. *See* Docket No. 30 at 14-15 (arguing that local parties and their nominees can use partisan political activities to inform voters of the candidates' party affiliation). If discrimination could be justified whenever it can be shown that a person can receive the equivalent of a governmental benefit from another source or from that person's own voluntary efforts, the jurisprudence of equal protection would be turned on its head. For example, discriminatory denial to an individual of Food Stamp benefits cannot be justified because that individual could receive food from a church kitchen or a community food bank. *Cf. City of Ladue v. Gilleo,* 512 U.S. 43, 56-57 (1994). In *Gilleo,* the Court observed that the "speaker" associated with a sign can be significant. *Id. at 56.* Other circumstances can make two signs distinctly different.

> Residential signs are an unusually cheap and convenient form of communication. Especially for persons of modest means or limited mobility, a yard sign or window sign may have no practical substitute…. Even for the affluent, the added costs in money or time of taking out a newspaper advertisement, handing out leaflets on the street, or standing in front of one's house with a hand-held sign may make the difference between participating and not participating in public debate.

*Id.* at 57.

### C. It is the disparate treatment that must be justified.

The Commonwealth's asserted interests must justify *the disparate treatment* of local candidates. *Board of Trustees v. Garrett,* 531 U.S. 356, 367 (2001). In other words, it is the statute's selective denial of the benefit of a party identifier to local candidates that must be justified. The interests put forward by the Commonwealth in this case do not justify that differential treatment. *See Nordlinger v. Hahn,* 505 U.S. 1, 11 (1992); *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 4432, 449-450 (1985). The interests in minimizing partisanship and broadening the pool of potential officeholders are broad interests that are not reasonably limited to local candidates, but apply with the same effect and for the same reason to other candidates as well. Singling out local candidates for denial of party identifiers based on asserted interests that have no reasonable relationship to that disparate treatment violates the Plaintiffs' right of association. *See Anderson,* 460 U.S. at 799-801.

The only attempt by the Defendants to demonstrate a difference between local offices and other offices is their contention that some local offices exercise quasi-judicial powers. Docket No. 30 at 18. But certain statewide offices also exercise quasi-judicial and even true judicial powers. *See* Docket No. 32 at 12-14. If the fact that three local constitutional officers (namely, the clerk of court, the sheriff and the Commonwealth's attorney) exercise quasi-judicial powers justifies differential treatment of those officers, which the Plaintiffs do not concede, a denial of a party identifier to *all* local candidates, including those who do not exercise quasi-judicial powers, constitutes an overbroad restriction. *See Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 258 (2002); *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 503 (1985); *Jiminez v. Weinberger,* 417 U.S. 628, 637 (197-); *Broadrick v. Oklahoma,* 413 U.S. 601, 612 (1973); *Dombrowski v. Pfister,*

380 U.S. 479, 487 (1965); *Patriot Party of Allegheny Cnty. v. Allegheny Cnty. Dept. of Elections,* 95 F.3d 2553, 269-270 (3d Cir. 1996).

### D. <u>An interest in minimizing partisanship does not justify the discrimination.</u>

The singling out of local candidates does not advance the Commonwealth's asserted interest in minimizing partisanship. *See Vance v. Bradley,* 440 U.S. 93, 97 (1970). The Defendants have not pointed to any qualitative difference between local offices and other offices that would justify the disparate treatment of local candidates. *See Craig v. Boren ,* 429 U.S. 190, 208-209 (1976); *Rosen v. Brown,* 970 F.2d 169, 175 (6th Cir. 1992).

The Commonwealth's asserted interest in minimizing partisanship cannot reasonably be confined to local offices; it applies to *all* elective offices. Denying *all* local party nominees a party identifier because three local officers exercise quasi-judicial powers stands in contrast to the Commonwealth's failure to make those two offices nonpartisan, which would plainly advance the asserted interest most effectively. Prohibiting a party identifier from being displayed on the ballot does not minimize partisanship. It actually encourages more aggressive partisanship to compensate for the lack of a party identifier, as the Defendants appear to acknowledge. Docket No. 30 at 14-15. The Commonwealth has officially encouraged partisanship in Title 24.2 of the Code of Virginia. The General Assembly has recognized the authority of political parties to nominate candidates. Va. Code §§ 24.2-505 *et seq.* A party nominee is guaranteed a place on the ballot by reason of the party nomination. Va. Code §§ 24.2-508, -511 & -612. Another statute permits a political party to select a replacement for its nominee who dies, resigns or is disqualified before the general election. Va. Code § 24.2-539. A local candidate's party affiliation is identified on the official website of the State Board of Elections as a partisan candidate. Docket No. 30 at 15. It is inconsistent with the asserted interest of minimizing

partisanship for the Commonwealth to allow party nominations, to excuse party nominees from the requirement to secure petition signatures (Va. Code § 24.2-506), and to inform voters of candidates' party affiliation on its official website, but then prohibit party affiliation to be shown on the ballot.

If the Commonwealth were genuinely concerned about partisan influences on officers who exercise quasi-judicial powers, it would have made their offices – both local and statewide – nonpartisan offices. It has not done so. The failure of the General Assembly to legislate in a manner that is consistent with its asserted interest in minimizing partisanship suggests that the challenged statute does not accomplish that purpose. *See Smith v. Daily Mail Publishing Co.,* 443 U.S. 97, 104-105 (1979). In *Smith,* the Court concluded that a statute that prohibited newspapers, but not electronic media, from releasing the names of juvenile defendants did not advance its stated purpose of protecting the privacy of juveniles. The Court has also invalidated a ban on ritual animal sacrifices because the city failed to regulate vast swaths of conduct that similarly diminished its asserted interests in public health and animal welfare. *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 543-547 (1993).

In addition, if the Commonwealth were genuinely concerned about partisan influence on governmental decisionmakers and if that influence could be minimized simply by prohibiting party identifiers on the ballot, it would prohibit party identifiers for *all* candidates on the ballot. The linkage, if any, between the Commonwealth's asserted interest in minimizing partisanship and the disparate treatment of local candidates is nonexistent or so attenuated that such an interest cannot justify the disparate treatment. *See Vance,* 440 U.S. at 93(Disparate treatment cannot be so unrelated to the achievement of a legitimate purpose as to lead to the conclusion that such treatment is irrational.).

The Defendants argue that the Commonwealth is entitled to take partial steps to advance its interest in minimizing partisanship. Docket No. 30 at 18-19. But it may not discriminate between classifications established in the very same statute that it claims partially advances its interests. Prohibiting party identifiers for local candidates but not other candidates constitutes a regulation of the right of association that is substantially underinclusive. *See Williams-Yulee v. Florida Bar,* 135 S.Ct. 1656, 1668 (2015). Underinclusiveness can raise "doubts about whether the government is in fact pursuing the interest it invokes, rather than disfavoring a particular speaker or viewpoint." *Brown v. Entertainment Merchants Assn.,* 131 S.Ct. 2729, 2740 (2011). *See also Church of Lukumi Babalu Aye, Inc.,* 508 U.S. at 543-547.

### E. The Commonwealth's asserted interest in expanding the pool of potential officeholders is not advanced by the discriminatory treatment of local candidates.

Va. Code § 24.2-613 does nothing to broaden opportunities for federal employees to run for elective office, as the Plaintiffs have previously shown. Docket No. 32 at 15-17. As a consequence of 5 U.S.C. § 7332(a)(3) of the federal Hatch Act, federal employees are prohibited from running for a partisan political office, which is defined as "any office for which any candidate is nominated or elected as representing a party…." 5 U.S.C. § 7322(2). The challenged Virginia statute has no effect on the Hatch Act because the display of a party identifier does not determine whether an office is partisan but is merely a reflection of a previous nomination by a party. For the same reason, invalidation of the offending provision of that statute also would have no effect on the Hatch Act and its prohibition against federal employees running for partisan political office.

The Defendants' description of the interplay between the Hatch Act and Va. Code § 24.2-613 is erroneous. They state that the prohibition against party identifiers for local candidates "allow[s] local office elections to be officially nonpartisan." Docket No. 30 at 20. That is not

8

accurate. The Virginia statute does not and cannot modify the Hatch Act's definition of what constitutes a "partisan political office." The partisan status is determined in one of two ways. First, it is a partisan political office if *any* candidate for the office is a party nominee, regardless of whether that candidate is allowed to have a party identifier on the ballot. Second, as a result of the interpretation of the Office of Special Counsel cited by the Defendants (Docket No. 30 at 19 & Ex. B to Ex. D-16), an office can become partisan if campaign activities are overtly partisan. However, Va. Code § 24.2-613 has no effect on the partisan character of the office in either situation. If there is a party identifier on the ballot, the office would already be deemed a "partisan political office" because the candidate so identified would necessarily have been nominated previously by a party. On the other hand, if there are no party nominees, there obviously will be no party identifier on the ballot. Yet, as the Defendants acknowledge, the election can become partisan with or without a party identifier on the ballot by the conduct of the candidates' campaigns. Docket No. 30 at 19.

  The declarations of Timothy W. Darr (Docket No. 30, Ex. D-17) and Paige D. Cherry (Docket No. 30, Ex. D-17) on which the Defendants rely are based on a misunderstanding of the Hatch Act. Both individuals are federal employees who would have been, and will continue to be, eligible under the Hatch Act to run for local office regardless of whether the challenged provision of Va. Code § 24.2-613 is invalidated by this Court. A general provision of the Hatch Act prohibits federal employees from running for a "partisan political office." 5 U.S.C. § 7332(a)(3). The display on the ballot of a political party identifier does not determine whether a particular office is a "partisan political office" for purposes of the Hatch Act. 5 U.S.C § 7322(2). The determining factor is whether any candidate running for the office is a nominee of a political party. *Id.* If there is no party nominee seeking election, a party identifier is not an issue.

In Mr. Cherry's case, the invalidation of the challenged provision of Va. Code § 24.2-613 would obviously have no effect on his ability as a federal employee to run for the Portsmouth City Council because Portsmouth has been designated by the federal Office of Personnel Management as a locality in which a federal employee can run as an Independent for a partisan political office. 5 CFR § 733.102(d)(promulgated pursuant to 5 U.S.C. § 7325(1)(B)). In addition, the invalidation of the challenged provision of Va. Code § 24.2-613 would not affect local races in Portsmouth because positions on City Council are nonpartisan offices under the terms of the City Charter. A party identifier would not appear next to any candidate for local office as a result of the terms of the City Charter prohibiting political parties from nominating candidates for those offices.

Mr. Darr's ability to run for Mayor of the Town of Front Royal would not be affected by the invalidation of the challenged provision of Va. Code § 24.2-613. Although the Town of Front Royal has not been designated as a locality in which federal employees can run as Independents in partisan elections, its charter provides that the office of Mayor is nonpartisan. That would preclude the display of a party identifier next to Mr. Darr's name because he cannot be nominated by a political party to run for Mayor of Front Royal.

      F.    **<u>Head-to-head competition with comparators is not required.</u>**

The Defendants argue that the General Assembly may discriminate against local candidates if those candidates are not competing head to head against candidates in the other classifications established by Va. Code § 24.2-613. Docket No. 30 at 11-12. The fact that plaintiffs and comparators in a number of ballot access cases (*e.g., Rosen,* 970 F.2d 169) were opponents in nomination contests or general election campaigns is due to the particular circumstances of those cases. The presence of head-to-head competition, however, does not

constitute a factor that has ever been held to be a prerequisite to a successful associational rights or equal protection claim.

The Defendants' argument, if accepted, would permit the Commonwealth to treat officers differently without providing any justification other than that they seek or occupy nominally different offices. Where there is no substantial and legitimate difference between the offices involved, any differential treatment in the granting of governmental benefits would be arbitrary. Under the Defendants' approach, a plaintiff would be denied the opportunity to prove that there is a substantial difference between the offices. A mere difference in the names assigned to the offices would be sufficient to warrant differential treatment. A qualitative difference is required. *See Craig v. Boren,* 429 U.S. at 208-209.

Whenever government regulates, issues permits, grants benefits or undertakes other programs, it is obligated to treat persons impartially. *See Nordlinger,* 505 U.S. at 10-11 (The Equal Protection Clause "simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike."). That obligation is not confined to circumstances in which the plaintiff and the comparator are in competition for the same permit, funding, office or benefit. *See, e.g., Village of Willowbrook v. Olech,* 528 U.S. 562, 564-65 (2000)(village's demand for an easement from an applicant more than twice the width of easements required of comparators in previous actions declared an equal protection violation); *Craig,* 429 U.S. at 208-209 (invalidated a statute that treated men and women differently when purchasing beer). The Defendants must point to more than a nominal or superficial difference; they must show a qualitative difference between local offices and other offices to justify disparate treatment. *See id.* at 208-209; *Gordon v. Lance,* 403 U.S. 1, 4-5 (1971)(differential treatment cannot be based on "extraneous conditions," such as group characteristics related to geographic location, property

11

ownership, wealth, religion, race or tax or military status); *Skinner v. Okla. ex rel. Williamson,* 316 U.S. 535, 539-541 (1942)(things that are "intrinsically the same" must be treated the same); *Cromer v. South Carolina,* 917 F.2d 819, 824 (4th Cir. 1990)("superficial equality" will not satisfy the Equal Protection Clause). The Defendants have not pointed to a legitimate, qualitative difference between local and all other nominees who appear on the ballot.

The Defendants rely on the opinion in *Ohio Council 8 Amer. Fed. of St., County & Mun. Employees, AFL-CIO v. Brunner,* 24 F.Supp. 3d 680 (S.D.Ohio 2014), *appeal pending,* No. 14-3678 (6th Cir., argued April 30, 2015) as support for their argument that discrimination can occur only when a plaintiff and comparator are competing head to head for the same office. Docket No. 30 at 11-12. The Plaintiffs addressed this opinion in its opening memorandum (Docket No. 32 at 14-15), noting that the disparate treatment in that case was justified on the basis of the longstanding rule that judicial elections can be regulated differently than political elections because the role of judges differs from that of politicians. *Williams-Yulee,* 135 S.Ct. at 1667. There is no such qualitative distinction between local candidates and other candidates in this case.

The *Ohio Council* opinion also justified the prohibition of a party identifier on the ballot for judicial candidates as a means of minimizing partisan influences. 24 F.Supp.3d at 698-699. That aspect of the opinion accords the Defendants no support in this case because the justification for the restriction in this case (namely, the two governmental interests put forward by the Commonwealth) applies to *all* ballots and *all* candidates and does not support singling out one of several classes of candidates for adverse treatment. As noted above at page 5, the interests put forward by the Commonwealth must be reasonably related to, and justify, the disparate treatment. *Cleburne,* 473 U.S. at 449-450. An interest that may in itself be legitimate in the

abstract as a valid governmental purpose does not necessarily provide support for the discriminatory treatment of a single person or class of persons. For example, the Village of Willowbrook might have been able to justify a 33-feet wide easement for utilities based on its interest in assuring adequate width for that purpose; however, when it applied the 33-feet requirement to one person while applying a less restrictive requirement to others, it could not point to its general interest in assuring adequate width at 33 feet to justify an arbitrary and uneven implementation of that interest. *See Village of Willowbrook,* 528 U.S. at 564-565.

### G. Public forum analysis is inappropriate in this case.

In *Timmons,* the Court applied the *Anderson* balancing test to a challenge to a state statute that prohibited the placement of multiple party identifiers on the ballot next to a single candidate. The Court did not engage in public forum review, noting that "[b]allots serve primarily to elect candidates and not as a forum for political expression." 520 U.S. at 363. Indeed, the ballot does not meet the traditional definition of "forum." It is not a vehicle for the discussion of ideas. *See Rosenberger v. Rector & Visitors of the Univ. of Va.,* 515 U.S. 819, 830 (1995). The *Timmons* Court concluded that allowing multiple party identifiers for a single candidate "would undermine the ballot's purpose by transforming it from a means of choosing candidates to a billboard for political advertising." 520 U.S. at 364. Public forum analysis is out of place here in all of its various forms. *See United States v. American Library Assn.,* 539 U.S. 194, 205 (2003)(forum analysis out of place in a case involving internet access in public libraries). .

In his concurring opinion in *Washington State Grange*, Chief Justice Roberts wrote: "What makes this case different of course is that the State controls the content of the ballot, *which we have never considered a public forum*." 552 U.S. at 461 (emphasis added). The Defendants have shown nothing that would challenge that statement. Their reliance on two

13

public forum decisions, *Walker v. Tex. Div., Sons of Confederate Veterans, Inc.* 135 S.Ct. 2239 (2015) and *Child Evangelism Fellowship v. Anderson Sch. Dist. Five,* 470 F.3d 1062 (4th Cir. 2006), therefore, is misplaced.

### H. *Washington State Grange* did not involve a discrimination claim.

The Defendants also rely on a statement in a footnote in *Washington State Grange* as "reject[ing] a similar argument about discrimination among speakers on the ballot." Docket No. 30 at 12, citing 552 U.S. at 453 n. 7. That reliance is unwarranted. There was no claim of discrimination in *Washington State Grange,* as there is here. The statement in the opinion in that case that the Defendants point to is:

> "We are unpersuaded, however, by the party's contention that it has a right to use the ballot itself to send a particularized message, to its candidate and to the voters, about the nature of its support for the candidate." Parties do not gain such a right simply because the State affords candidates the opportunity to indicate their party preference on the ballot.

552 U.S. at 453 n. 7 (quoting *Timmons,* 520 U.S. at 362-363). The statement above addressed the political party's claim that it was entitled to have a party identifier next to its nominees' names on the ballot, not to any claim that the State had discriminated against it or its nominees. That is clear from the text of the *Washington State Grange* opinion. 552 U.S. at 453. Nothing in the opinion supports the Defendants' contention that the Court has rejected a discrimination argument similar to the Plaintiffs' argument in this case.

## II. THE CHALLENGED STATUTE VIOLATES THE EQUAL PROTECTION CLAUSE.

### A. The challenged statute fails the rational basis test.

Assuming that Va. Code § 24.2-613 must satisfy the traditional rational basis test applied in traditional equal protection cases, as well as the *Anderson* balancing test applied in associational rights cases, it fails both. *But see Crawford v. Marion Cnty. Election Bd.,* 553 U.S.

181, 189-191 (2008)(applying the *Anderson* test). The foregoing discussion has addressed the *Anderson* test. The traditional rational basis test is similar. *See Obama for America v. Husted,* 697 F.3d 423, 430 (6th Cir. 2012). There is no rational basis for the discrimination against local party-nominated candidates in this case.

The interests put forward by the Commonwealth are not advanced by a selective prohibition against the display of a party identifier next to the names of local party-nominated candidates on the ballot. The Defendants have failed to point to any intrinsic or qualitative difference between local candidates and other candidates that would justify the disparate treatment of local candidates even if the asserted interests are legitimate. The asserted interest in broadening opportunities for federal employees to run for office is based on a misunderstanding of the Hatch Act, is arbitrarily limited to local candidates although the Hatch Act applies to all elective offices, and is not a valid justification for the challenged provision. The asserted interest in minimizing partisanship also does not justify the discrimination against local candidates because that interest cannot be restricted to local offices but applies to all offices and because that interest is not effectively advanced by the prohibition but is undermined by the partisan activities undertaken to compensate for the absence of a party identifier on the ballot. *See* Docket No. 30 at 14-15 .

**B.  If the discrimination fails the rational basis test, no other test applies.**

Once a determination is made that a classification fails the rational basis test, there is no need to consider another test. *Quinn v. Millsaps,* 491 U.S. 95. 104 n. 10 (1989).

**CONCLUSION**

The Court should grant the Plaintiffs' cross-motion for summary judgment, deny the Defendants' cross-motion for summary judgment and enter judgment for the Plaintiffs and

against the Defendants on all claims that Va. Code § 24.2-613 is unconstitutional and invalid as a violation of the right of association guaranteed by the First and Fourteenth Amendments and the right to equal protection guaranteed by the Equal Protection Clause, with costs awarded to the Plaintiffs, including an award of attorneys' fees and expenses to the Plaintiffs pursuant to 42 U.S. § 1988.

Dated: November 23, 2015

Respectfully submitted,

/s/

Patrick M. McSweeney (VSB 5669)
McSWEENEY, CYNKAR &
    KACHOUROFF, PLLC
3358 John Tree Hill Road
Powhatan, VA 23139
Tel. (804) 937-0895
patrick@mck-lawyers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 23, 2015, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system, which will serve that document on counsel of record.

/s/

Patrick M. McSweeney