IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT G. MARCELLUS et al.**,

      Plaintiffs,

v.                                              Civil Action No. 3:15-cv-481

**VIRGINIA STATE BOARD OF**
    **ELECTIONS et al.**,

      Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT AND IN
RESPONSE TO THE DEFENDANTS' OPPOSITION**

The Plaintiffs submit this reply in support of their Motion for Summary Judgment and in response to the Defendants' opposition to the Plaintiffs' Motion for Summary Judgment .

**INTRODUCTION**

The discrimination claims in this case are straightforward and amply supported by undisputed evidence and decisions of the Supreme Court and other federal courts. The discriminatory treatment of the Plaintiffs and all local party-nominated candidates when compared to the treatment of federal, statewide, General Assembly and Independent candidates is not justified by the interests put forward by the Commonwealth. The *Anderson* test and the rational basis test require that there be a qualitative difference between the Plaintiffs and their comparators and that the interests asserted by the Commonwealth to justify the disparate treatment of the Plaintiffs be advanced by that disparate treatment. The Plaintiffs are entitled to prevail under each test.

The Defendants' contend that there is no discrimination unless the Plaintiffs and comparators seek the same office. The Supreme Court and other federal courts have repeatedly held that whenever government grants benefits, such as a party identifier on the ballot, it cannot grant to some and not to others similarly situated without a rational basis for the disparate treatment. In light of those decisions, there is no requirement that the Plaintiffs and their comparators be in direct competition for the benefit.

The Plaintiffs have never claimed a right to compel the display of a party identifier on the ballot. Rather, they request judgment that the provision of Va. Code § 24.2-613 that prohibits a party identifier for local party-nominated candidates but allows it to other candidates without a legitimate reason violates the Plaintiffs' right of association and their right to equal protection. They seek a permanent injunction prohibiting the Defendants from implementing the challenged provision that discriminates against local party-nominated candidates so long as the Commonwealth continues to list party identifiers on the ballot.

The Court should declare that the challenged statutory provision is unconstitutional on its face and as applied to the Plaintiffs. No further evidence is needed to establish that the provision violates their rights guaranteed by the First and Fourteenth Amendments and the Equal Protection Clause.

### THE PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS SUPPORT THEIR MOTION FOR SUMMARY JUDGMENT.

The need for evidence to support the Plaintiffs' Motion for Summary Judgment is limited in the circumstances of this case.

> A classification within a law can be established in one of three ways. First, the law may establish the classification "on its face." This means that the law by its own terms classifies persons for different treatment. **In such a case there is no problem of proof and the court can proceed to test the validity of the classification by the appropriate standard.**

3 R. ROTUNDA & J. NOWAK, TREATISE ON CONSTITUTIONAL LAW: SUBSTANCE & PROCEDURE, § 18.4 at 372-374 (5th ed. 2012)(emphasis added); *see Sylvia Development Corp. v. Calvert Cnty.,* 48 F. 3d 810, 819 (4th Cir. 1995)("If the classification utilized is explicitly stated on the face of a statute…, then the equal protection analysis requires us to determine whether an appropriate relationship exists between the legislative purpose and the classification adopted to achieve that purpose.").

The Plaintiffs rely principally on the verified complaint (Docket No. 1), which contains allegations that support their claims of violation of associational rights and the right to equal protection of the laws, as well as the answer to the complaint (Docket No. 23), the joint stipulations of fact (Docket No. 17), the Marcellus declaration filed on August 17, 2015 (Docket No. 7) and the four declarations of the individual Plaintiffs filed with the Motion for Summary Judgment (Docket No. 32, Exs. 1-4). They also rely on the ballot used in Powhatan County in the November 3, 2015, general election. Docket No. 32, Ex. 5.[1]

As the Court suggested in *Anderson v. Celebrezze,* 460 U.S. 780, 793 (1983) and *Storer v. Brown,* 415 U.S. 724, 738-739 (1974), the Plaintiffs can rely on necessary, permissible

---

[1] Citing *Cromer v. South Carolina,* 917 F.2d 819 (4th Cir. 1990) and *Dart v. Brown,* 717 F.2d 1491 (5th Cir. 1983), *cert. denied,* 469 U.S. 825 (1984), the Defendants argue that the Plaintiffs are not entitled to summary judgment because they "have adduced no evidence regarding Va. Code § 24.2-613's actual effect on voters." Docket No. 33 at 11. That is wrong for several reasons. Without conceding that the Plaintiffs were required to do so, they have in fact submitted evidence of the effect on voters. *E.g.,* Docket No. 7, Ex. 5 to Marcellus declaration; Docket No. 32, Ex. 5. Inferences that properly can be drawn from exhibits and from the statute itself are part of the record. *See Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The statute on its face deprives voters of information about a candidate's party affiliation that the Supreme Court has said is important for purposes of informing them before they exercise the franchise. *Tashjian v. Republican Party of Conn.,* 479 U.S. 208, 220 (1986). *Cromer* is distinguishable because several voters were plaintiffs there, requiring the court to "assess the character and magnitude of the asserted injury to voter rights." 917 F.2d at 823. Unlike this case, *Dart* involved a plaintiff that was not a "recognized political party" challenging a statute limiting a party identifier to candidates nominated by a "recognized political party" under state law, which the Supreme Court has repeatedly held to be a legitimate basis for treating candidates differently. *E.g., Jenness v. Fortson,* 403 U.S. 431, 438-439 (1971).

inferences drawn from the nature of the ballot and the meaning, purpose and effect of Va. Code §24.2-613 in support of their Motion for Summary Judgment without the need for any additional evidence as to either the statute or the ballot. 3 R. ROTUNDA & J. NOWAK, § 18.4 at 372-374; *see Sylvia,* 48 F. 3d at 819.

The Supreme Court has not needed expert opinion to provide it with an understanding of the value of a party identifier. The Court was able to derive that understanding from the nature of the ballot and the party identifier. *E.g., Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 359 (1997); *Tashjian v. Republican Party of Conn.,* 479 U.S. 208, 220 (1986); *see Cook v. Gralike,* 532 U.S. 510, 532 (2001)(Rehnquist, C.J., concurring in judgment). In light of *Timmons,* the Plaintiffs have acknowledged that the denial of a party identifier is not a severe burden on their associational rights, but that denial does constitute a burden that is enough to establish their claims.

> However slight that burden [*i.e.,* the burden on a party's access to the ballot] may appear…, it must be justified by relevant and legitimate state interests sufficiently weighty to justify the limitation.

*Crawford v. Marion Cnty. Elections Bd.,* 553 U.S. 181, 191 (2008(plurality opinion). *See* discussion at Docket No.32 at 7-9 regarding the burden imposed on the Plaintiffs.

The evidence submitted by the Plaintiffs is entirely adequate to establish support their Motion for Summary Judgment.

### THE DISPLAY OF A PARTY IDENTIFIER IS A BENEFIT THAT THE COMMONWEALTH CANNOT DENY LOCAL CANDIDATES WITHOUT A LEGITIMATE BASIS.

Allowing a candidate and a political party a party identifier on the ballot is a governmental benefit granted by the Commonwealth. *See Burdick v. Takushi,* 504 U.S. 428, 446 (1992)(Kennedy, J., dissenting)(describing the introduction of the state-prepared ballot); *cf. Baer*

*v. Meyer,* 577 F.Supp. 838, 844 (D.Colo.)(referring to "the benefits provided by the Colorado Election Code"), *aff'd,* 728 F.2d 471 (10th Cir. 1984); *see also Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 438, 441 (1985)(describing a zoning permit as a benefit); *Parks v. Watson,* 716 F.2d 646, 655 (9th Cir. 1983)(business licenses, parking permits and street vacations are government benefits). The treatment of similarly situated persons by government in the allocation of benefits cannot be "materially different." *Anderson v. Celebrezze,* 460 U.S. 780, 799 (1983)(labelling a zoning classification a "benefit"). Long ago, the Supreme Court rejected the argument that a claim of a denial of equal protection is limited to claims involving an established right and not available where the claim involves a governmental benefit. *Heckler v. Mathews,* 465 U.S. 728, 730-731 (1984); *Pyler v. Doe,* 457 U.S. 202, 216 (1983); *cf. Perry v. Sinderman,* 408 U.S. 593, 597 (1972).

For purposes of Va. Code § 24.2-613, all candidates who are qualified to appear on the general election ballot and who seek a party identifier are similarly situated. *See Norlinger v. Hahn,* 505 U.S. 1, 10 (1992)("alike in all relevant aspects"); *Congregation Kol Ami v. Abington Twp.,* 309 F.3d 120, 137-143 (3d Cir. 2002)(In determining whether persons are similarly situated, differences must be inherent and functional, not merely nominal.); *United States v. Olvis,* 97 F.3d 739, 744 (4th Cir. 1996)(The goal of identifying a similarly situated class is to isolate factor responsible for discrimination.). A distinction between candidates based merely on the title of the offices they seek is not rationally related to the purpose of that statute and cannot justify disparate treatment. There must be a qualitative difference between offices to justify the discrimination against local candidates. *See Pyler,* 457 U.S. at 216; *F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415 (1920)(The distinction must have "a fair and substantial relation to the object of the legislation, so that all persons who are similarly circumstanced shall be treated

5

alike."). The fact that the challenged statute's classification of local candidates is denied a party identifier while other classifications are allowed that benefit constitutes discrimination that violates the right of association and the right to equal protection guaranteed to local candidates and the political parties that have nominated them. *See New Alliance Party v. N.C. St. Bd. of Elections,* 697 F.Supp. 904, 907-908 (E.D.N.C. 1988)(holding that a statute similar to the statute challenged in this action drew an illegitimate distinction between local offices and state offices). The Defendants' contention that discrimination does not exist unless the candidates seek the same office is at odds with the explicit holding in *New Alliance Party.*[2]

## THERE IS NO RELEVANT DIFFERENCE BETWEEN THE CLASSIFICATION OF LOCAL OFFICES AND OTHER CLASSIFICATIONS.

Justice Jackson articulated a principle in his concurring opinion in *Railway Express Agency, Inc. v. New York,* 336 U.S. 106, 111 (1949) that is now a generally accepted rule: "I do not think differences of treatment under law should be approved on classification because of differences unrelated to the legislative purpose." *Id.* at 115. If the challenged distinction in this case does not serve the interests put forward by the Commonwealth to justify the disparate treatment, there is a denial of equal protection. *Zobel,* 457 U.S. at 61, 65; *see Cleburne,* 473 U.S. at 440, 448; *McDonald v. Bd. of Election Comm'rs of Chicago,* 394 U.S. 802, 808-809 (1964).

Persons who are alike must be treated alike. *See Pyler,* 457 U.S. at 216. "The distinction drawn by a challenged statute must bear some rational relationship to a legitimate state end…."

---

[2] Contrary to the Defendants' assertion (Docket No. 33 at 1, 4-6), the Plaintiffs do not argue (or need to argue) that Va. Code § 24.2-613 discriminates between candidates within a single classification. *See New Alliance Party v. N.C. St. Bd. of Elections,* 697 F. Supp. 904, 907-908 (E.D.N.C. 1988). The statute speaks for itself: "Independent candidates shall be identified by the term 'Independent.'" The Defendants' construction of the statute's language (Docket No. 33 at 4-5) violates the plain meaning rule. In any event, their assertion is not responsive to the argument that the Plaintiffs do in fact make that the statute discriminates against local candidates by denying them a ballot symbol that reflects their affiliation with a party while allowing that symbol to other candidates, including Independents. Docket No. 32 at 9.

*McDonald,* 394 U.S. at 809. Va. Code § 24.2-613 establishes four explicit classifications (federal, statewide, General Assembly and Independent candidates) and one implicit classification (local party-nominated candidates). The Plaintiffs have shown that there is no relevant difference between the local candidate classification and other classifications. Docket No. 32 at 9-18; Docket No. 34 at 5-13. The Defendants have argued that there are two characteristics of local elected offices that set them apart from other offices: 1) several local constitutional officers are either quasi-judicial or administrative and 2) members of local governing bodies exercise policymaking discretion that is more limited than that exercised by the offices sought by federal, statewide and General Assembly candidates. Docket No. 30 at 18-19.

In *New Alliance Party v. N.C. St. Bd. of Elections,* a political party challenged a statutory provision that denied a party identifier to local candidates while allowing it for state candidates. The following language from that decision is instructive:

> The court holds that the distinction which the state attempts to make is patently without merit. No legitimate state or local concern is promoted by prohibiting the placement on the ballot of candidates for county and local offices while at the same time allowing the placement on the ballot of candidates for state offices.

697 F.Supp. at 907.

The Defendants have arbitrarily applied the factors that they claim justify the distinction between local candidates and other candidates in Va. Code § 24.2-613. They ignore that those same factors are present among several offices in the federal and statewide classifications.

**Statewide Candidates. --** Particularly when compared to the classification of statewide offices, the classification of local offices is not materially different. *See Anderson,* 460 U.S. at 799. There are three statewide elected officers established by the Constitution of Virginia: Governor, Lieutenant Governor and Attorney General. VA. CONST., art. V, §§ 1, 4 & 5. Each of

these offices meets the criteria that the Defendants argue justify the differential treatment of local candidates. Those criteria are the quasi-judicial or administrative character of an office and its limited policymaking power. Docket No. 30 at 16-20. In Virginia, all legislative (*i.e.,* policymaking) power is vested in the General Assembly. VA. CONST., art. II, § 1. The Governor, Lieutenant Governor and Attorney General exercise no constitutional policymaking powers. *Id.,* art. V, §§ 1, 5-10, 12, 14 & 15. Any arguable policymaking function that the Governor is assigned results from, or is limited by, legislation enacted by the General Assembly. That legislative limitation on the Governor's discretion is comparable to the restrictions imposed on local governing bodies by the Dillon Rule. The Governor and the Attorney General exercise administrative responsibilities. *Id.,* art. V, § 1; Va. Code, title 2.2, art. 1, ch. 1; § 2.2-500. In addition, the office of Attorney General is indisputably a quasi-judicial office. Docket 33, Ex. D-19 (II A.HOWARD, COMMENTARIES ON THE CONSTITUTION OF VIRGINIA at 669 (1974)).

**General Assembly Candidates. –** There is also no qualitative difference between the local elected offices of members of governing bodies and members of the General Assembly. The Defendants contend that the operation of the Dillon Rule on local governing bodies results in a more limited policymaking role for members of governing bodies than is assigned to state legislators. Docket No. 33 at 9. This asserted difference has no relevance to either of the interests put forward to justify the discrimination. First, the Hatch Act prohibits federal employees from running for *any* elected office, not just local offices. More to the point, Va. Code § 24.2-613 does not have any effect on the Hatch Act. Second, the interest in minimizing partisanship is not advanced by the discrimination resulting from the disparate treatment of members of local governing bodies and members of the General Assembly where there is no material difference between their powers or functions. *See Anderson,* 460 U.S. at 799.

**Federal Candidates.** – Every federal office is restricted by the federal Constitution's grant of limited power to the national government, just as local governing bodies are limited by the Dillon Rule. *See United States v. Morrison,* 529 U.S. 598, 608-609 (2000); *Printz v. United States,* 521 U.S. 898, 918-935 (1997); *New York v. United States,* 505 U.S. 144, 155-188 (1992). *See generally,* THE FEDERALIST NO. 45. Just as the Governor, the Attorney General and certain local constitutional officers exercise administrative responsibilities, the President also exercises administrative responsibilities. U.S. CONST., art. II, § 1, Cl. 1, and § 3.

The claim of unconstitutional discriminatrion can be established by demonstrating that the Plaintiffs have been treated differently from a single comparator. They are not required to prove that they have been treated differently from all others. *See, e.g., Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564-565 (2000).

The Plaintiffs have also shown that, if the Defendants are correct about the appropriateness of minimizing partisanship in local constitutional offices that exercise quasi-judicial or administrative functions, the challenged classification is both overinclusive and underinclusive. Docket No. 34 at 5-8. It is overinclusive because "it treats in a similar manner not only those persons whose characteristics similarly relate to the purpose of the law but also some additional persons who do not share the legitimately distinguishing characteristic." 3 R. ROTUNDA & J. NOWAK, § 18.2(b) at 314. The challenged statutory provision lumps members of local governing bodies who do not have quasi-judicial or administrative functions with local officers who do. *See Brown v. Entertainment Merchants Assn.,* 131 S.Ct. 2729, 2741. On the other hand, it is underinclusive because "it includes a small number of persons who fit the purpose of the statute but excludes some who are similarly situated." *Id.* For example, the statute does not prohibit a party identifier for candidates for those statewide offices that exercise similar

quasi-judicial and administrative responsibilities. *See Barnhorst v. Missouri St. High School Assn.,* 504 F. Supp. 449, 459 (W.D.Mo. 1980).

### THE COMMONWEALTH'S ASSERTED INTERESTS ARE NOT SUBSTANTIALLY ADVANCED BY THE DISPARATE TREATMENT OF LOCAL CANDIDATES.

The distinction drawn by Va. Code § 24.2-613 between local candidates and federal, statewide and General Assembly candidates must rationally promote the interests asserted by the Commonwealth to justify the disparate treatment of local candidates. *See Zobel,* 457 U.S. at 61, 65. As the Plaintiffs have previously shown (Docket No. 32 at 8-10), the asserted interest in broadening opportunities for federal employees to run for public office in Virginia is not advanced by the disparate treatment of local candidates because prohibiting a party identifier on the ballot has absolutely no effect on the Hatch Act. In addition, the Hatch Act prohibits federal employees from running for *all* partisan offices, not just local offices. That federal law was prompted by corruption among congressional candidates in the 1930s and has prohibited federal employees from running for Congress, as well as other partisan offices, since that time. *U.S. Civil Serv. Comm'n v. Nat'l Assn. of Letter Carriers, AFL-CIO,* 413 U.S. 548, 564-566 (1973).

If a display of a party identifier determined whether the Hatch Act prohibited a federal employee from running for a partisan office, the Commonwealth's interest in broadening opportunities would prompt the Commonwealth to deny a party identifier to all candidates, not just local candidates. The fact that the challenged statute's prohibition against the display of a party identifier is limited to local candidates raises obvious "doubt about whether the government is in fact pursuing the interest it invokes…." *Brown,* 131 S.Ct. at 2740.

The other interest asserted by the Commonwealth -- minimizing partisanship -- is not advanced by the disparate treatment of local candidates. *See Anderson v. Morris,* 636 F.2d 55, 58-59 (4th Cir. 1980). Denying a party identifier to any candidate, not just local candidates, does

10

not effectively reduce partisanship. According to the Defendants (Docket No. 30 at 14-15), nominees and the parties that nominate them will compensate for the absence of a party identifier on the ballot through partisan activities, such as paying for sample ballots, mailings, advertisements, large signs for display at polling places, and telephone calls to refer voters to the official Commonwealth election website. The denial of a party identifier does not alter the obvious partisan character of the office resulting from the candidate's nomination. Indeed, two actions demonstrate that the Commonwealth has formally countenanced partisanship. First, the Commonwealth has given the ballot a partisan character by selectively allowing the display of party identifiers on the ballot for candidates other than local candidates. Docket No. 32, Ex. 5. Second, the official election website of the Commonwealth informs voters of the very fact about a local candidate's party affiliation that it is prohibited from displaying on the ballot. Docket No. 30 at 15; Docket No. 7, Ex. 5 to Marcellus declaration. In these circumstances, denying a party identifier to local candidates does not effectively achieve the objective of minimizing partisanship, but actually encourages as much or more partisanship than it arguably minimizes by refusing to allow the display of a party identifier.

### THE CHALLENGED PROVISION DOES NOT SERVE THE PRINCIPAL PURPOSE OF VA. CODE § 24.2-613.

The purpose of the challenged statute is to inform voters of the affiliation or the lack of affiliation of candidates with a political party; and to authorize the State Board of Elections to determine the order in which political parties and their candidates, as well as Independent candidates, will appear on the ballot and to decide on other details regarding the form and style of the ballot. The prohibition against the display of a party identifier next to local candidates stands out as an exception to the principal purpose of the statute, which is to provide information to voters. This tension between a principal purpose of the statute and the exception should

require the Defendants to provide a convincing justification for the discriminatory treatment of local party nominees, which they have failed to do.

## THE CHALLENGED PROVISION IS FACIALLY UNCONSTITUTIONAL.

The Court should declare the challenged provision of Va. Code § 24.2-613 that selectively prohibits a party identifier to local candidates facially unconstitutional. *See United States v. Salerno,* 481 U.S. 739, 745 (1987). The Defendants argue that such a declaration is not warranted because the statute is not unconstitutional in all of its applications. Docket No. 33 at 2. The Plaintiffs have shown that the statutory provision denying local candidates a party identifier is plainly unconstitutional in all its applications. Docket No. 32 at 11-12. They do not seek a declaration that the entire statute is unconstitutional. "Invalidation of a portion of a statute does not necessarily render the whole invalid unless it is evident that the legislature would not have enacted the legislation without it." *Zobel,* 457 U.S. at 64. The decision cited by the Defendants, *Washington St. Grange v. Washington St. Republican Party,* 552 U.S. 442 (2008), for the proposition that a statute must be unconstitutional in all of its applications in order for it to be declared facially invalid recognizes an exception to that rule. *Id.* at 449 n.6.

Even if there were a justification for denying a party identifier for local candidates seeking a quasi-judicial or administrative office, the challenged provision should nevertheless be invalidated to the extent that it is overinclusive. *New York v. Ferber,* 458 U.S. 747, 769-771 (1982); *see Ayotte v. Planned Parenthood of No. New England,* 546 U.S. 320, 331 (2006); *Ward v. Rock Against Racism,* 491 U.S. 781, 795-796 (1989). Without conceding that quasi-judicial and administrative functions justify disparate treatment, the challenged provision's denial of a party identifier to members of local governing boards who, unlike certain local constitutional officers, do not exercise quasi-judicial or administrative responsibilities is plainly a violation of

their right of association and their right to equal protection. Should the Court agree that there is justification for treating certain local constitutional officers differently by denying them a party identifier in order to minimize partisanship, it should carve out candidates for the quasi-judicial and administrative offices and declare the challenged provision facially unconstitutional as to candidates running for local governing bodies because those candidates do not belong in the class with the local constitutional officers. *See Ayotte,* 546 U.S. at 331.

Because Va. Code § 24.2-613 is also underinclusive because it does not include local candidates in the class receiving the benefit of a party identifier that includes other, similarly situated candidates (*i.e.,* federal, statewide and General Assembly candidates) without a legitimate basis, the proper remedy is to extend the class to include local candidates. *See Heckler v. Mathews,* 465 U.S. 728, 738 n. 5 (1984). When a statute is invalid in part because it does not extend to some group a benefit that the Constitution requires the government to provide that group, the court may remedy that defect by ordering that the benefit be extended to the improperly excluded group. *See Welsh v. United States,* 398 U.S. 333, 361 (1970)(Harlan, J., concurring in result).

## **CONCLUSION**

The court should grant the Plaintiffs' motion for summary judgment, deny the Defendants' motion for summary judgment, enter judgment for the Plaintiffs and against the Defendants on all counts declaring that Va. Code § 24.2-613 is unconstitutional to the extent that it prohibits a party identifier on the ballot for local party-nominated candidates, enter an order permanently enjoining the Defendants from implementing the unconstitutional provision so long as the Commonwealth provides for the placement of party identifiers on the ballot, with costs

awarded to the Plaintiffs, including an award of attorneys' fees and expenses to the Plaintiffs pursuant to 42 U.S.C. § 1988.

Dated: December 4, 2015               Respectfully submitted,

/s/

Patrick M. McSweeney (VSB 5669
MCSWEENEY, CUNKAR &
    KACHOUROFF, PLLC
3358 John Tree Hill Road
Powhatan, VA 23139
Tel. (804) 937-0895
*patrick@mck-lawyers.com*
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 4, 2015, I electronically filled the foregoing document with the Clerk of this Court using the CM/ECF system, which will serve that document on counsel of record.

/s/

Patrick M. McSweeney